## REEVES AND COMPANY *v.* BYERS.

[No. 19,134. Filed November 27, 1900.]

SALES.—*Warranties.*—Where an engine was sold under a written warranty to do as good work as any other machinery of the same size, manufactured for a like purpose, there can be no implied warranty that the engine will do the work for which it was sold and purchased. *pp. 536-538.*

SALES.—*Warranties.*—*Breach.*—*Pleading.*—In an action on a promissory note given for the purchase price of an engine, sold under a written warranty that it would do "as good or better, and as fast or faster, work as other machinery of the same size, and manufactured for a like purpose," an answer alleging that the engine did not do "as good or better, and as fast or faster, work as any other machinery of the same size, manufactured for a like purpose, and that it did not do satisfactorily the work for which it was intended," was insufficient, where it was not alleged that the engine was manufactured for the purpose of doing any of the kind of work for which it was alleged that defendant used same, and the size of the engine and the purpose for which it was manufactured were not shown. *pp. 538, 539.*

From the Parke Circuit Court.  *Reversed.*

*Marshall Hacker, S. D. Puett* and *J. S. McFaddin,* for appellant.

*Howard Maxwell,* for appellee.

MONKS, J.—Appellant sued appellee upon certain promissory notes and a certain chattel mortgage executed by appellee to secure said notes, the consideration for the same being a traction engine sold by appellant to appellee. Judgment was rendered in favor of appellee. The errors assigned call in question the action of the court in overruling the demurrer to the third paragraph of answer, the demurrer to appellee's counter-claim, and in overruling the motion for a new trial.

The third paragraph of answer and the counter-claim are founded upon appellant's written warranty of the traction engine sold to appellee which is as follows: Warranty. "Caution. No person has any authority to add to or abridge or change this warranty in any manner, and to do so will render it void and of non-effect. The above ordered machinery is warranted to be well made, of good material, and with proper use and management to do as good or better, and as fast or faster, work as any other machinery of the same size, and manufactured for a like purpose. If within five days from the date of its first use the said machinery, except belting or hose, shall fail in any respect to fill said

Reeves & Co. *v.* Byers.

warranty, written notice, stating wherein it fails, is to be given Reeves & Co., at Columbus, Ind., by registered letter; also written notice must be given to the agent from whom received, and a reasonable time allowed to get to it and remedy defects, if any there be (if it be of such nature that the remedy cannot be suggested by letter), the purchaser giving the necessary friendly assistance. If the said machinery cannot be made to fill the warranty, a reasonable time shall be allowed to get a man from the factory, and if then the machinery cannot be made to do good work the undersigned agrees to return it to the place whence it was received, where another may, at the option of Reeves & Co., be furnished, which shall perform the work, or the money and notes which have been given for the same shall be returned and no further claim made on Reeves & Co. Defects in material or construction found in any one part of the machinery shall not condemn, or be grounds for returning, any of the above named machinery, but Reeves & Co. agree to furnish all necessary parts or replace defects in material or workmanship for a period of one year without cost to purchaser, except expressage, freight, or other expenses. The purchaser, in making claim for defects, will be required to present the broken or defective parts to the agent of whom the machinery was purchased, showing conclusively that they were defective. It is further mutually understood and agreed that the use of said machinery after the expiration of the time named in the warranty shall be conclusive as to the fulfilment of the warranty, and full satisfaction to the undersigned, who agrees thereafter to make no other claim on Reeves & Co., except for defective parts as mentioned above. And further, that if the above machine is delivered to the undersigned before settlement is made for same, as herein agreed, the undersigned, by taking possession of said machine without settlement, acknowledges full satisfaction and release of this warranty, and of any and all warranty express or implied." (Signed) Reeves & Co., (Incorporated). Franz S. Byers.

It is alleged in the counter-claim, among other things, "that said engine was sold by appellant and purchased by appellee for the purpose of doing all kinds of work connected with the farm, but especially for the purpose of furnishing power to a separator in threshing grain".

The counter-claim proceeds upon the theory that said writing, when considerd in connection with said allegations concerning the purpose for which said engine was sold and purchased, warranted the same to do the work for which it was sold and purchased; that is, it would furnish sufficient power to do all kinds of work connected with the farm, and to operate a separator in threshing grain. Such interpretation of the written warranty declared upon in the counter-claim is erroneous. The warranty contained in said writing is not that said engine will do the work for which it was sold and purchased, or that it will do good or satisfactory work, but that with proper use and management it will do "as good or better, and as fast or faster work, as any other machinery of the same size, and manufactured for a like purpose". It is the purpose for which it was manufactured and its size that is material, and not the purpose for which it was sold and purchased. It is true that when a machine or other article is sold for a particular purpose there is an implied warranty that the same is reasonably fit for the purpose for which it was made and sold. *Conant* v. *National State Bank,* 121 Ind. 323, 327, and cases cited. But in this case there was an express warranty in writing, and it has been held by this court that in such case implied warranties are excluded. *Conant* v. *National State Bank, supra, p.* 326, and cases cited. Unless the size and purpose for which said engine was manufactured are alleged, and facts are averred which show that with proper use and management it failed to do the work which it was manufactured to perform as good and as fast as other machinery of the same size, manufactured for a like purpose, no breach of the warranty that it will do as good or better, and as fast or

faster, work as other machinery of the same size manufactured for a like purpose, is disclosed.  The general allegation that "the engine did not do as good or better, and as fast or faster, work as any other machinery of the same size, manufactured for a like purpose, and that it did not do satisfactorily the work for which it was built or intended," is not sufficient, because the purpose for which said engine was manufactured is not alleged in said counter-claim, nor is it alleged that said engine was manufactured for the purpose of doing any of the kind of work for which it is alleged appellee used the same.

Other objections are urged against the sufficiency of said counter-claim, but it is not necessary to consider them as the counter-claim is clearly insufficient for the reasons given.

The third paragraph of answer is insufficient for the same reason.  It follows that the court erred in overruling the demurrer to the counter-claim and in overruling the demurrer to the third paragraph of answer.   Judgment reversed, with instructions to sustain said demurrers, and for further proceedings not inconsistent with this opinion.