UNITED STATES FIDELITY & GUARANTY CO. v. RICE.

(Circuit Court of Appeals, Eighth Circuit. October 4, 1906.)

PRINCIPAL AND SURETY—BOND OF BUILDING CONTRACTOR—CONDITION PRECEDENT TO LIABILITY OF SURETY.

A provision in a bond given by a contractor for the construction of a building that no liability shall attach to the surety, unless it shall receive notice from the owner of any default on the part of the contractor promptly on knowledge thereof by the owner, and, in any event, not later than 30 days after any such default, and giving the surety in such case the right to assume and complete the contract and to receive any sums then, or which shall become, due thereunder, creates a valid and enforceable condition precedent to the liability of the surety, and it is discharged from any liability by the failure of the owner to notify it of the noncompletion of the building by the date required by the contract within 30 days after such default.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Surety, §§ 304–311.]

In Error to the Circuit Court of the United States for the District of Colorado.

C. A. Ballreich (W. L. Hartman, on the brief), for plaintiff in error.
M. G. Saunders (E. E. Hubbell, on the brief), for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

ADAMS, Circuit Judge.   On June 15, 1901, Rice, the defendant in error, employed one Davis to furnish material and construct in the city of Pueblo a certain brick and frame building, and a contract was entered into between them to that end.   The contract, among other things, required the contractor, Davis, to complete the building on or before December 1, 1901, and provided that the owner should pay him for his work and materials used the total sum of $14,465, of which 85 per cent. was payable as the work progressed and the remaining 15 per cent. within 10 days after the building should be completed and accepted by the owner.   Simultaneously with the execution of the contract the contractor, as principal, and the United States Fidelity & Guaranty Company, the plaintiff in error, as surety, executed and delivered to Rice, the owner, a bond, in the penal sum of $5,000, indemnifying him against loss or damage which might result from any breach of the contract by the contractor.   The obligation of the bond, however, was subject to the following conditions and provisions:

"First. That no liability shall attach to the surety hereunder unless, in the event of any default on the part of the principal in the performance of any of the terms, covenants or conditions of the said contract, the obligee shall promptly upon knowledge thereof, and in any event not later than thirty days after the occurrence of such default, deliver to the surety at its office in the city of Baltimore, written notice thereof with a statement of the principal facts showing such default and the date thereof.  *  *  *  Second. That in case of such default on the part of the principal, the surety shall have the right, if it so desires, to assume and complete or procure the completion of said contract, and in case of such default, the surety shall be subrogated and entitled to all the rights and properties of the principal arising out of the said contract and otherwise, including all securities and indemnities theretofore received by the obligee, and all deferred payments, retained percentages and credits, due to the principal at the time of such default, or to become due thereafter by the terms and dates of the contract."

The contractor failed to perform his contract, and suit was brought against the surety on the bond.   One of the defenses interposed by the surety company was that the contractor failed to complete the building on or before December 1, 1901, as required by the contract, and that plaintiff, the owner, failed promptly or within 30 days thereafter to notify it of such failure or default.   The record shows that the facts constituting this defense are fully proved.   In other words, it was shown that the building was not completed on December 1st as required by the contract, and that no notice of any kind was given by the owner to the surety company of that default as required by the bond.   The Circuit Court entertaining the opinion that the time within which notice of default was to be given was not of the essence of the contract submitted the issues to the jury, which returned a verdict on which judgment was entered for the plaintiff below for $3,462.73.   Defenses other than that above referred to were interposed by the surety company, and other assignments of error have been urged upon our attention; but, as we are unanimously of opinion that the defense above

referred to was conclusive of the rights of the parties and that the court below erred in not instructing a verdict for the defendant as requested, we find no occasion for considering any other questions.

The parties, by clear and unambiguous language, contracted that no liability should attach to the surety company unless it received notice of any default on the part of the contractor promptly upon knowledge thereof by the owner, and, in any event, not later than 30 days after any such default to the end that it might avail itself, if it desired, of the opportunities furnished by the bond for protecting itself. We think that stipulation of the contract was as binding upon the owner as the obligation to pay was upon the surety company. It was a most reasonable stipulation. Its purpose was to protect the surety company against the consequences of any default by providing that, on the occasion of any default whatsoever, it might have the opportunity, of determining its effect upon its own liability and of acting accordingly. It may well be that if the surety company had been notified promptly, as required by the bond, of the default by the contractor in failing to complete the building by December 1st, it would have assumed the completion of the building, prevented further payments by the owner to the contractor, and at least secured the sum of $2,899.50, which was paid to the contractor after the default, and to that extent have diminished its own liability. However that may be, the parties contract for no liability on the bond unless such notice should be given. It was not given, and, in our opinion, that fact conclusively exonerates the surety company from liability. The time for giving the notice, at any rate the ultimatum of 30 days after any default, was from the nature of the case intended to be and was of the essence of the contract. Whether the notice should be given before the expiration of 30 days might depend upon the owner's knowledge of an existing default, and whether it was "promptly" given after such knowledge had been acquired might depend on many considerations, and be a debatable question of fact. But obviously the surety company had a purpose in binding the owner to give notice of any default—at the latest —within 30 days thereafter. The imposition of that duty upon the owner tended to insure inspection of the work by the owner, prevent indifference on his part concerning its progress, and to afford the surety company an opportunity to protect itself as provided in its bond. That ultimatum was, in our opinion, reasonable and enforceable. But whether it was reasonable or not is of no consequence. The parties were sui juris, capable of making their own contracts and undertook to do so, and whatever they clearly and distinctly agreed upon is binding upon them. This court recently had occasion in National Surety Company v. Long, 60 C. C. A. 623, 125 Fed. 887, to consider and determine the question just discussed, and the conclusion there reached is reinforced and confirmed by further reflection given to the question in this case. On the authority of that case, as well as on the general principles of the law of contracts, we are unable to sustain the judgment rendered in the Circuit Court.

It is accordingly reversed, with directions to grant a new trial.