## NATIONAL SURETY COMPANY *v.* SCHNEIDERMANN.

[No. 7,346.   Filed December 20, 1911.]

1. CONTRACTS.—*Conditions Precedent.—Proof of.*—Where conditions precedent are required by contract to be performed, the fact that they may appear technical will not dispense with proof of their performance.   p. 141.

2. CONTRACTS.—*Conditions Precedent.—Sureties.*—Where a surety company expressly set forth certain conditions limiting its liability, which should be "conditions precedent to the rights of the obligee to recover" thereunder, in order to recover, it is necessary for such obligee to prove that such conditions were performed.   p. 141.

3. PRINCIPAL AND SURETY.—*Surety Companies.—Limiting Liability.*—A surety company ordinarily has the right to name the conditions under which it will become liable, but such conditions must be free from fraud or oppression.   p. 142.

4. CONTRACTS.—*Conditions Precedent.—Trial.—Special Findings.—Omissions.*—Where plaintiff is required in an action upon contract to prove the performance of conditions precedent, a failure in the special findings to show the performance thereof, or an excuse for such failure to perform, constitutes a finding against the plaintiff.   p. 142.

5. APPEAL.—*Mandate.—New Trial.*—Where justice requires, a new trial may be ordered, on appeal, though appellant on the special findings would technically be entitled to a judgment.   p. 143.

From Superior Court of Marion County (77,633) ; *P. W. Bartholomew,* Judge.

Action by Davis  Schneidermann against the National Surety Company and another.   From a judgment for plaintiff, defendant company appeals.   *Reversed.*

*Romney L. Willson* and *Charles R. Willson,* for appellant. *John T. Lecklider* and *David A. Myers,* for appellee.

Hottel, J.—This was an action brought by appellee against Hiram C. Buckley, a contractor, and the National Surety Company, on a building contract executed by appellee and Buckley, and on a contractor's bond executed by Buckley and the National Surety Company, conditioned on the performance of the building contract by said Buckley.

Issues were joined, and the cause was submitted to the court for trial, with a request for a special finding of facts and conclusions of law thereon. The court found that the law was with the plaintiff, and that he was entitled to a judgment against said Buckley, as principal, for $1,612.97, and against the National Surety Company in the sum of $929.38. A motion for a new trial was overruled, judgment was rendered on the finding, and an appeal to this court was granted to the National Surety Company.

For a reversal of the judgment appellant relies on the alleged error of the court in its conclusion of law that appellee was entitled to judgment against appellant, and the alleged error.of the court in overruling appellant's motion for a new trial.

The important and controlling question presented by this appeal arises on the first error relied on.

Appellant contends that the bond on which the action was predicated contains a number of conditions that were precedent to appellee's right to recover, and that it was necessary that there should have been an affirmative finding by the court that appellee performed such conditions, before there could be a conclusion of law in his favor entitling him to a recovery.

Appellee, on the other hand, insists that this contention is technical, and that a failure expressly to find that such conditions precedent had been observed and performed by appellee will not, of itself, render the finding insufficient, especially where the finding and recovery, as against the surety on the bond sued on, is limited, as in this case, to items of "expenditure for labor and material furnished

under said contract," which "went into the construction of such improvements" contemplated and provided for by the bond.

The fact that appellant's said objections may seem technical, cannot prevail against their sufficiency, if under the law, it was necessary for appellee to allege and

1. prove such facts as a condition precedent to his right to recover.

The obligation of the bond sued on is as follows:

"Whereas, by the terms of said contract, the above-bounden principal covenants, undertakes and agrees, among other things, to perform certain labor, to furnish certain materials and to protect and save the obligee and the property in said contract mentioned and described, free, clear and harmless of and from all claims and liens on account of any such labor and materials; now, therefore, if the above-bounden principal shall well and truly perform such labor and furnish such materials, and shall protect and save the obligee and the property in said contract mentioned and described free, clear and harmless of and free from all claims and liens on account of any such labor and material, then this obligation shall be null and void; otherwise to be and to remain in full force and effect: Provided, however, that this bond is executed by the company as surety on condition that its liability shall be limited by, and subject to, the conditions and provisions hereinafter contained, which shall be conditions precedent to the rights of the obligee to recover hereunder, anything in said contract to the contrary notwithstanding, it being mutually agreed and understood that in case of any conflict between any of the terms or provisions of said contract, and any condition or provision in this bond contained, the rights of the parties shall be determined by the provisions and conditions of this bond, as follows."

Then follow fifteen of said conditions.

It will be observed that it is expressly provided in said obligation that it is "executed by the company as

2. surety, on condition that its liability shall be limited by and subject to 'said' conditions and provisions,

which shall be conditions precedent to the right of the obligee to recover hereunder.''

Notwithstanding the fact that there has been some relaxation and modification of the general rule that looks upon sureties as favorites of the law, when applied to 3. companies that enter into such contracts for profit, yet the law expressly recognizes that such companies may, by their contracts, prescribe the conditions upon which they shall be held liable. It is also settled that when such company does specify such conditions, making the same conditions precedent to the obligee's right of recovery, such conditions when not fraudulent or unconscionable are upheld by the courts, and must be alleged and proved before the obligee may recover. This is expressly held in the recent case of *Knight & Jillson Co.* v. *Castle* (1909), 172 Ind. 97, 104, 112, 27 L. R. A. (N. S.) 573, and authorities cited.

If it is necessary that the obligee in such bonds shall allege in his complaint, and prove upon the trial, the performance on his part of such conditions precedent, it follows, 4. as a matter of course, that a special finding of facts, to justify conclusions of law in favor of such obligee, must expressly find a performance of such conditions, or find the facts necessary to show a substantial performance of such conditions or some valid excuse for, or waiver of, nonperformance thereof.

The finding in this case neither specifically nor generally finds a performance of such conditions, nor are any facts found from which it can be said that there was any waiver of such nonperformance by appellant, or any valid reason or excuse on plaintiff's part for such nonperformance.

Such being the case, the authority of *Knight & Jillson* v. *Castle, supra,* and the cases there cited, makes necessary a reversal of the case.

Appellee insists that the evidence in this case shows a substantial compliance with said conditions, but the conclusion reached upon the first assignment of error requires

Indianapolis Traction, etc., Co. *v.* Lockman—49 Ind. App. 143.

a reversal, and a consideration of the sufficiency of 5. the evidence is therefore unnecessary. However, an investigation of the evidence leads us to the belief that the ends of justice will be better served by granting a new trial, instead of ordering a restatement of the conclusions of law and the judgment thereon for appellant.

The judgment is therefore reversed, with instructions to the court below to grant a new trial.