## BEECH GROVE IMPROVEMENT COMPANY v. THE TITLE GUARANTY AND SURETY COMPANY.

[No. 7,584. Filed May 10, 1912.]

1. PRINCIPAL AND SURETY.—*Bonds.—Construction.*—The rules, that where a bond admits of two constructions, it should, as against a construction which results in injustice and inequity, be fairly and equitably construed, and that its construction should be favorable to the obligee, if consistent with the objects for which the bond was given, have no application to bonds, the terms of which are certain, definite and unambiguous. p. 381.

2. CONTRACTS.—*Construction.—Intent of Parties.*—The intent of the parties to a contract must be ascertained, if possible, by the language used therein, and not by reading into it words that import an intent wholly unexpressed when the contract was exe-

cuted, but suggested by some apparent hardship in the enforcement thereof.   p. 381.

3.   PRINCIPAL AND SURETY.—*Building Contractor's Bond.*—*Conditions.*—*Notice of Breach.*—*Failure to Give.*—*Effect.*—Where a building contractor's bond provided that no liability should attach to the surety unless in the event of the principal's default, notice thereof should be given the surety by the obligee within thirty days thereafter and before making final payment to the principal, and that the surety should have the right to assume and complete the contract, such provisions were valid and binding, and a failure of the obligee to give such notice relieved the surety from liability.   p. 382.

From Superior Court of Marion County (76,750); *Clarence E. Weir*, Judge.

Action by Beech Grove Improvement Company against The Title Guaranty and Surety Company and another. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Morris M. Townley,* for appellant.
*Caleb S. Denny* and *George L. Denny,* for appellee.

HOTTEL, J.—Appellant brought this action against appellee and Charles S. Pollard, to recover on a bond given by said Pollard as principal and appellee as surety to secure the faithful performance of a building contract.

The complaint is in two paragraphs, each of which alleges the execution of a building contract between appellant and Pollard, and also the bond, and embodies therein each of said writings.

The sufficiency of either of the paragraphs is not questioned, and their difference is unimportant for the purpose of determining the questions presented by this appeal.

The breaches of the bond charged, for which a recovery is sought, are the same in each paragraph.

It was agreed between appellant and appellee that Pollard is insolvent, and that there should be a dismissal as to him, without prejudicing appellant's right to proceed against appellee.

The contract between appellant and Pollard contained the following provision:

"ARTICLE VI. The Contractor shall complete the several portions, and the whole of the work comprehended in this Agreement by and at the time or times hereinafter stated, towit: All work under this contract to be completed on or before September 18, 1907."

The condition of the obligation of the bond contained the following proviso: "Provided, however, that this bond is issued subject to the following conditions and provisions."

These conditions and provisions, important and controlling in the determination of the question presented, are as follows: "First: That no liability shall, attach to the Surety hereunder unless, in the event of any default on the part of the Principal in the performance of any of the terms, covenants or conditions of the said contract, the Obligee shall promptly and immediately upon knowledge thereof, and in any event not later than thirty days after the occurrence of said default, deliver to the Surety at its office in the city of Scranton, Pa., written notice thereof with a statement of the principal facts showing such default and the date thereof; nor unless the said Obligee shall deliver written notice to the Surety at its office aforesaid before making to the Principal the final payment provided for under the contract herein referred to.

Second: That in case of such default on the part of the Principal the Surety shall have the right, if he so desire, to assume and complete or procure the completion of said contract."

An answer was filed in two paragraphs, the first of which was addressed to the first paragraph of complaint, and the second to the second paragraph of complaint. Each of these paragraphs of answer admitted the execution of the bond in suit and its breaches, and, in addition thereto, set out the provisions of the contract, *supra,* which provided that the work should be done on or before September 18, 1907,

and the conditions of the bond, *supra,* and averred that said Pollard defaulted as to said covenant and condition, in that he did not complete the work in said contract on or before September 18, 1907, but that he continued to work on said building for a period of about eighty days thereafter, when he abandoned the work thereon, and left said building unfinished and unfit for occupancy; that appellant did not notify appellee promptly, and immediately on knowledge thereof, nor within thirty days after September 18, 1907, said Pollard failed to complete the work under said contract on or before said date, and did not notify appellant of said default until January 14, 1908; that prior to said notice said Pollard had abandoned the work under said contract, and had left said building in an unfinished condition.

A demurrer was filed to each of these paragraphs, which was by the court overruled and exception saved to each ruling. Appellant refused to reply, and elected to stand on the court's rulings on said demurrer, and there was judgment for appellee against appellant for costs. The rulings on said demurrers present the only error relied on by this appeal.

The entire question, therefore, depends on the effect to be given to the above provisions of the bond. Appellee contends that Pollard's failure to complete the building on September 18, 1908, the date specified by the contract for said completion, was such a default as entitled it (appellee) to immediate notice, or at least notice not later than thirty days after the default, and that the failure to give such notice discharged it from all liability whatever as surety on said bond. Appellant on the other hand, contends that each paragraph of the complaint shows that as to the particular breaches of the contract, for which recovery of damages is asked, appellant served the proper notice on the surety company, and that therefore neither paragraph of the answer is

sufficient to constitute a defense to the paragraph of complaint to which it is addressed.

The effect of appellant's contention is, (1) that where a contract admits of two interpretations, a fair and equitable construction should be adopted as against a construction which results in injustice and inequity; (2) that where a bond is open to two constructions, one favorable to the surety, and one to his obligee, that a construction favorable to the obligee, if consistent with the objects for which the bond was given, should be adopted, for the reason that the instrument which the court is called on to interpret was drawn by the attorneys, officers or agents of the surety company.

These principles of construction, as applied to contracts, the terms of which are ambiguous and uncertain, are based on reason and authority, and in cases where they have application are important and controlling, but they have no application to contracts the terms of which are certain, definite and unambiguous.

While the intent of the parties to a contract is always important and controlling, this intent must be ascertained, if possible, by the language which the parties have themselves adopted and used in such contract, and not by reading into the contract words that import an intent wholly unexpressed when the contract was executed, but suggested by some apparent hardship in the enforcement thereof. *Nave* v. *Powell* (1913), 52 Ind. App. —, 96 N. E. 395; *Brown* v. *Russell & Co.* (1886), 105 Ind. 46, 52, 4 N. E. 428; *Conant* v. *National State Bank* (1889), 121 Ind. 323, 324, 327, 22 N. E. 250; *Shirk* v. *Mitchell* (1894), 137 Ind. 185, 190, 36 N. E. 850; *Reeves & Co.* v. *Byers* (1900), 155 Ind. 535, 58 N. E. 713; *Sullivan Mach. Co.* v. *Breeden* (1907), 40 Ind. App. 631, 82 N. E. 107.

A bond containing a provision identical with the provision in the bond here involved was construed, and the same

282 APPELLATE COURT OF INDIANA,

Beech Grove Imp. Co. v. Title Guaranty, etc., Co.—50 Ind. App. 377.

question here presented, determined adversely to appellant's contention in the case of *United States Fidelity, etc., Co.* v. *Rice* (1906), 148 Fed. 206, 78 C. C. A. 164. The court in that case said: "The parties, by clear and unambiguous language, contracted that no liability should attach to the surety company unless it received notice of any default on the part of the contractor promptly upon knowledge thereof by the owner, and, in any event, not later than thirty days after such default to the end that it might avail itself, if it desired, of the opportunities furnished by the bond for protecting itself. We think that stipulation of the contract was as binding upon the owner as the obligation to pay was upon the surety company. It was a most reasonable stipulation. Its purpose was to protect the surety company against the consequences of any default by providing that, on the occasion of any default whatsoever, it might have the opportunity of determining its effect upon its own liability and of acting accordingly. It may well be that if the surety company had been notified promptly, as required by the bond, of the default by the contractor in failing to complete the building by December 1, it would have assumed the completion of the building, prevented further payments by the owner to the contractor, and at least secured the sum of $2,899.50 which was paid to the contractor after the default, and to that extent have diminished its own liability. However that may be, the parties contracted for no liability on the bond unless such notice should be given. It was not given, and, in our opinion, that fact conclusively exonerates the surety company from liability. The time for giving the notice, at any rate the ultimatum of thirty days after any default, was from the nature of the case intended to be and was of the essence of the contract. Whether the notice should be given before the expiration of thirty days might depend upon the owner's knowledge of an existing default, and whether it was 'promptly' given after such knowledge had been ac-

NOVEMBER TERM, 1911.    383

Beech Grove Imp. Co. *v.* Title Guaranty, etc., Co.—50 Ind. App. 377.

quired might depend on many considerations, and be a debatable question of fact. But obviously the surety company had a purpose in binding the owner to give notice of any default—at the latest—within thirty days thereafter. The imposition of that duty upon the owner tended to insure inspection of the work by the owner, prevent indifference on his part concerning its progress, and to afford the surety company an opportunity to protect itself as provided in the bond." To the same effect see *National Surety Co.* v. *Long* (1903), 125 Fed. 887.

As directly opposed to the holding of these cases appellant cites the following cases: *Monro* v. *National Surety Co.* (1907), 47 Wash. 488, 92 Pac. 280; *Heffernan* v. *United States Fidelity, etc., Co.* (1905), 37 Wash. 977, 79 Pac. 1095; *Van Buren County* v. *American Surety Co.* (1908), 137 Iowa 490, 115 N. W. 24, 126 Am. St. 290.

In the case of *Knight & Jillson Co.* v. *Castle* (1909), 172 Ind. 97, 105, 109, 87 N. E. 976, 27 L. R. A. (N. S.) 573, our Supreme Court expressly disagreed with the reasoning of the Washington cases, and, in effect, adopted the rule laid down in the *United States Fidelity, etc., Co.* v. *Rice, supra.*

See this case and authorities there cited.

This court also in the case of *National Surety Co.* v. *Schneiderman* (1911), 49 Ind. App. 139, 96 N. E. 955, recognized and followed the rule announced by the Supreme Court in said case of *Knight & Jillson Co.* v. *Castle, supra.*

Upon the authority of these cases this judgment must be affirmed.

Note.—Reported in 98 N. E. 373. See, also, under (1) 5 Cyc. 753; (2) 9 Cyc. 577; (3) 32 Cyc. 176. As to the rules for construing a written contract, see 56 Am. Dec. 618. As to the duty of a creditor to give the surety notice of the principal's default, see 115 Am. St. 94.