NOVEMBER TERM, 1915.        317

Napier Iron Works v. Caldwell, etc., Iron Works—60 Ind. App. 317.

# NAPIER IRON WORKS v. CALDWELL & DRAKE IRON WORKS.

### [No. 8,815.  Filed December 15, 1915.]

1. SALES.—*Failure to Deliver.—Action.—Sufficiency of Complaint.*— Paragraphs of complaint in a seller's action to recover on a contract of sale, from which it affirmatively appeared that no shipments were made by plaintiff during the period of time specified in the contract, and in which no legal excuse for such failure was shown, were insufficient.   p. 320.

2. SALES.—*Failure to Deliver.—Modification of Contract.—Complaint.*—Where the contract for the sale of a large quantity of iron was in writing, and was within the class of contracts which are required to be in writing by §7469 Burns 1914, §4910 R. S. 1881, there could be no subsequent modification thereof by parol; hence in an action by the seller based thereon, paragraphs of complaint on the theory that plaintiff's failure to deliver as provided by the contract was obviated by a subsequent oral agerement were insufficient.   p. 320.

3. SALES.—*Contracts.—Agreement for Extension.—Consideration.*— Where a quantity of iron sold under a written contract to be delivered within a specified period, was not delivered and the title and possession thereof remained in the seller relieved from any of the agreements contained in the contract, an agreement for extension of time of delivery, to be valid and bring the sale within the provisions of the original contract, required a new consideration. p. 322.

4. SALES.—*Contracts.—Customs and Usages.*—Where a contract of sale is neither ambiguous nor uncertain, and clearly shows the time and manner of shipment, trade usages and customs are not to be considered in its construction.   p. 322.

5. CONTRACTS.—*Oral Modification.—Fraud.*—A person can not rely upon a mere verbal change of a written contract, and where there is no right to rely on such verbal modification there can be no fraud. p. 322.

6. SALES.—*Breach of Contract.—Resale.—Notice.*—A complaint for damages for the purchaser's breach of a contract of sale, grounded upon the theory of resale after the purchaser's refusal to accept, must aver notice to the purchaser of the intention to resell.   p. 322.

From Bartholomew Circuit Court; *Hugh Wickens*, Judge.

Action by the Napier Iron Works against the Caldwell & Drake Iron Works. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*John Rynerson*, for appellant.
*Kohlmeyer & Sharpnack*, for appellee.

IBACH, C. J.—Appellant contends that the trial court erred in sustaining appellee's separate demurrer to each paragraph of appellant's complaint.

On October 16, 1909, appellant and appellee entered into a written contract for the sale of one hundred tons of pig iron, to be delivered to appellee at Columbus, Indiana, during the first half of the year 1910. The contract forms the basis of each of the nine paragraphs of complaint and is in the following words and figures:

"JH No. 7301.  Pig Iron Contract.  Issued from the office of (Buyer's No.) Rogers, Brown & Company, Furnace Agents.  Carew Building, Cincinnati, O., Oct. 16, 1909.  Filed by W. Taylor.  Sold to Caldwell & Drake Iron Works, Columbus, Indiana.  Quantity 100 Tons. Grade standard Southern No. 2 Foundry Iron.  This price is based on present tariff freight rate of $3.65 per ton.  In case the tariff rate declines, the buyer is to have the benefit of such decline.  In case the tariff freight rate advances the buyer is to pay the advance. Price per ton 2240 lbs.  $18.00 f. o. b. cars, Columbus, Ind.  Payment S. D. attached B. L. Freight cash by buyer.  If this lot is divided in shipment, settlement shall be made for each shipment as though a separate sale.  Failure to make payments when due shall forfeit buyer's right to further deliveries.  Shipment.  About equally during first half 1910.  Subject to possible delay from strikes, accidents, or other causes beyond the reasonable control of the seller.  The contract is completely set forth herein.  Route, via Big Four.  Accepted, Caldwell & Drake Iron Works.  (Buyer, J. E. Ferry, Secy.) Please sign here.  Napier Iron Works, Per Rogers, Brown & Co., Agts., Per F. W. Miller."

NOVEMBER TERM, 1915     319

Napier Iron Works *v.* Caldwell, etc., Iron Works—60 Ind. App. 317.

The first paragraph of the complaint has to do with the first and only shipment of twenty-five tons of the iron specified which was sent to Columbus, Indiana, and being refused, was resold by appellant to other parties there at a loss, and the theory is that appellant is entitled to recover as its damages the difference between the market price of the iron in the market where resold, and the contract price. The second paragraph is predicated on the theory that under the contract it was appellee's duty to notify appellant and furnish it with specifications and requirements of the shipments of the remaining quantity, but that it failed and refused to do so and for that reason none was shipped and appellant having the iron prepared and on hand ready for shipment, it was entitled to damages for the loss sustained. The third paragraph also deals with the iron which was not delivered and relies upon the same breach of the contract set forth in the second, but proceeds upon the theory that appellant did not have the manufactured iron on hand ready for shipment during the first half of the year 1910, and fixes the measure of damages as the difference between the expense it would have incurred in its manufacture and delivery and the contract price. In the other six paragraphs of the complaint, additional averments are to be found to the effect that the written contract was changed by a subsequent oral agreement as to the time of shipment, that the contract was ambiguous and what trade usages existed under such circumstances should be read into such a contract and made a part of it to arrive at its true meaning. Other matters are averred for the purpose of showing an excuse for not shipping all the iron during the first half of the year 1910, and for failing to give appellee notice before reselling the one shipment made.

Since the several paragraphs of the complaint are based on the written agreement and it affirmatively appears from the averments of the first three

1.  paragraphs that no shipments were made during the period of time specified in the contract, and no legal excuse is shown for such failure, it can not be seriously contended that either of these paragraphs of complaint states a cause of action. If appellant did not heed the terms of the contract, surely appellee will not be required to do so.

Appellant by its additional paragraphs of complaint seeks to supply the averments omitted from the original paragraphs by averring in sub-

2.  stance that the written contract was modified by a subsequent oral agreement whereby it was agreed that no shipments should be made until a time later than that specified in the writing, and then after notice from appellee. A party to a written contract which falls within the provisions of the statute of frauds will not be heard to say that any of its provisions have been changed by a mere oral agreement and a new contract partly oral and partly written result therefrom. §7469 Burns 1914, §4910 R. S. 1881. The Supreme Court of this State in the case of *Bradley* v. *Harter* (1901), 156 Ind. 499, 506, 60 N. E. 139, said: "It is true that the consideration for the sale of real estate, even as between the parties to the written contract, may be shown by parol where such consideration is not of itself contractual within the terms or provisions of the written instrument, but when a written contract affected by the statute stipulates, fixes, and provides for the payment of the consideration as was done under the written agreement in this case, the consideration and mode or manner of its payment as therein fixed and provided become a part of the contract, and the latter as to these is no

NOVEMBER TERM, 1915.        321

Napier Iron Works *v.* Caldwell, etc., Iron Works—60 Ind. App. 317.

more open to change or modification by parol than it is in respect of any other of its parts." To the same effect is *Burgett* v. *Lock* (1909), 43 Ind. App. 657, 88 N. E. 346, and cases cited. While it is to be conceded that these cases are considering §7462 Burns 1914, §4904 R. S. 1881, which concerns the sale of real estate, yet §7469, *supra*, which deals with the sale of goods greater in value than fifty dollars, also requires that there be a memorandum in writing signed by the party to be charged in order to make a binding contract. Consequently the reasoning adopted in the cases which construe the former statute applies with equal force to the latter. In 29 Am. and Eng. Ency. Law (2d ed.) 824, 825, we find a helpful discussion of the same proposition. Here the writer says, "And it has been said that it is not important whether or not the alteration is in a particular which was originally required by the statute to be in writing. If any alteration is made, so that part of the contract has to be proved by oral evidence, it ceases to be a contract in writing and is thus exposed to all the evils which the statute was intended to remedy. Within the rule the time of performance can not be changed by parol." There are some exceptions to this general rule, but neither of the paragraphs of the complaint before us comes within any of such exceptions. Here we are considering a contract which is by statute required to be in writing, and a time is definitely fixed within which it is to be performed, so that under the facts as disclosed by the pleadings, we are satisfied that the limitation as to time was a part of the contract the same as any other provisions thereof, and could not have been modified in the manner contended for by appellant. Browne, Stat. of Frauds §411; *Hanson* v. *Marsh* (1888), 40 Minn. 1, 40 N. W. 841.

322 APPELLATE COURT OF INDIANA,

Napier Iron Works *v.* Caldwell, etc., Iron Works—60 Ind. App. 317.

Upon this branch of the case we are satisfied 3. that as the iron was not delivered to appellee during the first half of the year 1910, the title and possession thereof were both in appellant relieved from any of the agreements contained in the contract, and to again bring it within the provisions of the original contract and extend 4. the time for delivery, such agreement as to extension, under the facts of this case, to be valid would have to be supported by a new consideration. The contract in suit is neither ambiguous nor uncertain. The language used by the parties is sufficiently clear to show the time and manner of the several shipments, consequently trade usages or customs are not to be considered in its construction. *Scott* v. *Hartley* (1891), 126 Ind. 239, 245, 25 N. E. 826.

Neither do we believe that the present case is such a one as would permit appellant to invoke the doctrine of fraud. The law seems to be 5. well settled that a person can not rely upon a mere verbal change of a written contract and where there is no right to rely on such verbal modification, there can be no fraud. *Clark* v. *Guest* (1896), 54 Ohio St. 298, 43 N. E. 862; *Abell* v. *Munson* (1869), 18 Mich. 306, 100 Am. Dec. 165; *Platt* v. *Butcher* (1896), 112 Cal. 634, 44 Pac. 1060.

The paragraphs of the complaint which have to do with the resale of the iron which appellee refused to accept, fail to aver any notice to 6. appellee of the intention to resell prior to such sale. Such an averment is essential to make a paragraph of complaint sufficient based upon that theory. *Ridgley* v. *Mooney* (1896), 16 Ind. App. 362, 373, 45 N. E. 348.

For these reasons the trial court did not err in sustaining appellee's demurrers to appellant's sep-

arate paragraphs of complaint. Judgment affirmed.

NOTE.—Reported in 110 N. E. 714. As to the general principle of parol modification of written contracts, see 56 Am. St. 659. As to supplementing contract for sale of personalty by proof of collateral oral agreement, see Ann. Cas. 1914 A 454. See, also, under (1) 35 Cyc 551; (2) 9 Cyc 599; (3) 9 Cyc 593; (4) 12 Cyc 1091; (5) 9 Cyc 428; (6) 35 Cyc 525.