# Wainright Trust Company, Receiver, *v.* United States Fidelity and Guaranty Company.

## [No. 9,579.   Filed December 19, 1916.]

1. Frauds, Statute of.—*Contractor's Bond.*—Under the statute of frauds (§7462 Burns 1914, §4904 R. S. 1881), a contractor's bond indemnifying the obligee against loss resulting from a breach of the contract must be in writing, since its purpose is to charge one person upon a special promise to answer for the default of another. p. 314.

2. Frauds, Statute of.—*Contractor's Bond.—Waiver of Condition by Parol.*—An oral waiver by a surety of a provision in a contractor's bond relative to the time within which suit must be brought is not binding, since the bond itself is required to be in writing by the statute of frauds (§7462 Burns 1914, §4904 R. S. 1881), and cannot be varied by parol. p. 315.

3. Principal and Surety.—*Bonds.—Construction.*—Where a bond is ambiguous or open to two constructions, the interpretation most favorable to the obligee should be adopted, but this rule does not apply to bonds, the terms of which are certain, definite and unambiguous. p. 315.

4. Principal and Surety.—*Contractor's Bond.—Notice of Breach. —Failure to Give.*—Where a contractor's bond provided that no liability should attach to the surety unless, in the event of the principal's default, notice thereof should be given the surety not later than thirty days after knowledge of such default such condition was valid. p. 315.

5. Principal and Surety.—*Contractor's Bond.—Conditions.—Notice of Default.*—Where, in an action against a surety company on a road contractor's bond, the complaint contained allegations showing that on May 13, the board of county commissioners notified the obligee that work under the contract should begin within ten days in order to complete it by August 1, to which date the board had extended the time limit fixed in the contract, and that immediately upon receipt of such notice the obligee had written notice of the contractor's alleged default to the surety company and informed it of the board's order, such allegations do not show a

310    APPELLATE COURT OF INDIANA,

Wainright Trust Co. v. U. S. Fidelity, etc., Co.—63 Ind. App. 309.

compliance with a condition in the bond requiring, in order that liability should attach to the surety, that notice of the principal's default be given to the guarantor by the obligee not later than thirty days after knowledge of default, as the alleged notice of default was given more than two and one-half months before the expiration of the time limit fixed for the completion of the work. p. 316.

6. PRINCIPAL AND SURETY.—*Contractor's Bond.*—*Notice of Default.* —*Acceptance of Premium.*—*Effect.*—The acceptance and retention by a surety company of a renewal premium on a contractor's bond was not a waiver of the company's right to a notice of the contractor's default, as provided in the bond, where the alleged default did not occur until several months after the payment of the premium. p. 316.

From Hamilton Circuit Court; *Meade Vestal,* Special Judge.

Action by Wainright Trust Company, receiver for the firm of Holleran, Haverstick, Wheeler and Patterson, against the United States Fidelity and Guaranty Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Gentry & Campbell,* for appellant.

*Pickens, Moores, Davidson & Pickens* and *Fred C. Hines,* for appellee.

McNUTT, J.—This was an action by appellant, as receiver for the firm of Holleran, Haverstick, Wheeler & Patterson, in the court below, against appellee, as surety upon a contractor's bond, the contractor being one Black. The appellee demurred to appellant's complaint, the same being the fourth amended, for want of sufficient facts, which demurrer was sustained. This action of the court is the only error assigned.

The contract, which is made a part of the complaint by exhibit, required said Black to place the gravel on two public highways of Hamilton county, known as the Eiler road and the Hunter road, which appellant's firm had contracted with the board of commissioners of said county to construct according to certain plans and specifications.

Said Black agreed to place the gravel on said roads on or before January 1, 1913, and the contract was entered into on July 17, 1912.

The bond, which is also made a part of the complaint by exhibit, reads as follows:

"Know all Men by these Presents, That W. P. Black of Fishers, Indiana, (hereinafter called the Principal), and the United States Fidelity and Guaranty Company, a corporation created and existing under the laws of the State of Maryland, and whose principal office is located in Baltimore City, Maryland, (hereinafter called the Surety), are held and firmly bound unto Holleran & Haverstick, Noblesville, Indiana, (hereinafter called the Obligee,) in the full and just sum of Five thousand ($5000.00) Dollars, lawful money of the United States, to the payment of which sum, well and truly to be made, the Principal binds himself, his heirs, executors and administrators, and the said Surety binds itself, its successors and assigns, jointly and severally, firmly by these presents. Signed, sealed and delivered this 30th day of September, A. D. 1912.

"WHEREAS, said Principal has entered into a certain written contract with the Obligee dated July 17th 1912, to furnish labor and material for completion of a gravel road, known as the Eiler Road, in accordance with contract which is made a part of this bond.

"Now therefore, The condition of the foregoing obligation is such that if the said Principal shall well and truly indemnify and save harmless the said Obligee from any pecuniary loss resulting from the breach of any of the terms, covenants and conditions of the said contract on the part of the said Principal to be performed, then this obligation shall be void; otherwise to remain in full force and effect in law.

"PROVIDED, however, that this bond is issued subject to the following conditions and provisions:

"First,—That no liability shall attach to the Surety hereunder unless, in the event of any default on the part of the Principal in the performance of any of the terms, covenants or conditions of the said contract, the obligee shall promptly, and in any event not later than thirty days after knowledge of such default, deliver to the Surety at its office in the City of Baltimore, written notice thereof, with a statement of the

312    APPELLATE COURT OF INDIANA,

Wainright Trust Co. v. U. S. Fidelity, etc., Co.—63 Ind. App. 309.

principal facts showing such default and the date thereof; nor unless the said Obligee shall deliver written notice to the surety at its office aforesaid, and the consent of the Surety thereto obtained, before making to the Principal the final payment provided for under the contract herein referred to.

"Second, That in case of such default on the part of the Principal the Surety shall have the right, if it so desire, to assume and complete or procure the completion of said contract; and in case of such default, the Surety shall be subrogated and entitled to all rights and properties of the Principal arising out of the said contract and otherwise, including all securities and indemnities theretofore received by the Obligee and all deferred payment, retained percentages and credits, due to the principal at the time of such default or to become due thereafter by the terms and dates of the contract.

"Third,—That in no event shall the Surety be liable for a greater sum than the penalty of this bond, or subject to any suit, action or other proceeding thereon that is instituted later than the 30th day of July, A. D. 1913.

"Fourth,—That in no event shall the Surety be liable for any damage resulting from, or for the construction or repair of any work damaged or destroyed by act of God, or the public enemies, or mobs, or riots, or civil commotion, or by employes leaving the work being done under said contract, on account of so-called "strikes" or labor difficulties.

"In testimony whereof, the said Principal has hereunto set his hand and seal and the said Surety has caused these presents to be executed by its Attorney-in-fact, sealed with its corporate seal, the day and year first written."

The complaint alleges, in substance, that on March 10, 1915, the appellant was appointed receiver for said firm; that on July 17, 1912, said firm entered into said contract; that in consideration of said contract and as a part thereof said appellee, as surety for the contractor, Black, executed to said firm said bond for the faithful performance of said contract; that said contractor complied with the terms of said contract relating to said Hunter road and received the consideration therefor, but failed to perform any part

of the work on said Eiler road; that on or before said
January 1, 1913, said Black and said firm mutually agreed
to and did extend the time for the completion of said work,
and in consideration of such extension said firm agreed to
waive any claim for damages for the work not being com-
pleted on or before said January 1, 1913, and that said
Black upon his part agreed to pay, and did pay, to appellee
the sum of $25 for the extension and security of said bond,
of all of which facts said appellee then had knowledge;
that after the extension of the time for the completion of
said work appellant, said Black and appellee appeared
before the board of commissioners of Hamilton county and
obtained from it an order extending the time for the com-
pletion of said Eiler road; that appellee, knowing that said
bond contained a provision "that in no event shall the
surety be subject to any suit or action or other proceed-
ing thereon that is instituted later than July 30th, 1913,"
did, on or about November 20, 1913, accept from said Black
an additional premium of $25 for the continuation and
extension of the terms of said bond, and that appellee has
ever since retained said sum; that on November 21, 1913,
said firm, believing said bond was still in force and relying
upon its security, together with said Black and one Hines,
who was then and there the duly authorized local agent
of appellee, appeared before said board, and that said Hines,
as spokesman for said parties, asked for and was granted
an order by said board extending the time for the com-
pletion of said Eiler road to August 1, 1914, that on May
13, 1914, said board notified said firm that work should
begin on said road within ten days thereafter, in order to
complete it by the time allotted; that immediately upon
receipt of notice of said demand, and within thirty days
after knowledge of default by said Black, or on or about
May 13, 1914, written notice of such default and the order
of said board was given to appellee, at its office in Balti-
more, Maryland; that said Black neglected and wholly

314    APPELLATE COURT OF INDIANA,

Wainright Trust Co. *v.* U. S. Fidelity, etc., Co.—63 Ind. App. 309.

failed to perform any part of his work on said Eiler road; that appellee failed and refused to perform any of said work; that by reason thereof said firm, by its legal representative, was compelled to, and did, perform said work at a cost of $1.05 per cubic yard, which was sixty-eight cents per cubic yard in excess of said Black's contract, to plaintiff's damage in the sum of $3,757.68; that appellant, on September 14, 1914, demanded of appellee said sum, but that appellee refused to pay any part thereof; that said sum, with interest, is long past due and unpaid, and judgment therefor is demanded.

Appellant, in its brief, under "Points and Authorities," states only two points, which are as follows: "1. A condition in a bond executed by a surety company, limiting the time within which an action may be brought on such bond, being for the benefit of the company, may be waived. 2. Contracts of surety companies are contracts of indemnity, and as such fall under the rules of construction applicable to contracts of insurance."

Appellee does not dispute the correctness of either of said points as abstract legal propositions, but insists that, while a condition in a surety bond, limiting the time within which an action thereon may be brought, may be waived, no waiver of such condition is shown in the complaint for the reason that the requirement that suit be brought within a certain time is shown to be in writing, while the alleged waiver is shown to be in parol, and, therefore, within the statute of frauds. The bond in suit was not only in writing, but was for the purpose of charging appellee upon a special promise to answer for the default of another, and, therefore, under the statute of frauds had to be in writing. §7462 Burns 1914, §4904 R. S. 1881; *Knight & Jillson Co.* v. *Castle* (1908), 172 Ind. 97, 87 N. E. 976, 27 L. R. A. (N. S.) 573.

In the case of *Wellinger* v. *Crawford* (1911), 48 Ind. App. 173, 89 N. E. 892, 93 N. E. 1051, it is held that

NOVEMBER TERM, 1916. 315,

Wainright Trust Co. v. U. S. Fidelity, etc., Co.—63 Ind. App. 309.

because contracts for a commission for a sale of real estate must be in writing (§7463 Burns 1914, Acts 1913 p. 638), such contracts cannot be varied or waived by parol. In *Burgett* v. *Loeb* (1908), 43 Ind. App. 657, 660, 88 N. E. 346, it is held that since a lease for more than three years is required to be in writing (§7462 Burns 1914, *supra*), it could only be changed or modified by a written instrument. See, also, *Bradley* v. *Harter* (1900), 156 Ind. 499, 60 N. E. 139; *Napier Iron Works* v. *Caldwell, etc., Iron Works* (1915), 60 Ind. App. 317, 110 N. E. 714.

It is only by inference from conduct that the complaint attempts to show an oral waiver of the provision in the bond relative to the time within which suit must be 2. brought; but even if a positive, direct waiver of this provision were alleged, we are of opinion, under the authorities, that such a waiver is not binding upon appellee since it is not shown to be in writing.

Appellant has pointed out no ambiguity or uncertainty in the bond, nor does it contend that the bond admits of more than one interpretation. It is the law that where a 3. bond is ambiguous or uncertain or is open to two constructions, one favorable to the surety and one to the obligee, that a construction favorable to the obligee should be adopted. These principles of construction are based on reason and authority, and in cases where they have any application are important, but they have no application to contracts, the terms of which are certain, definite and unambiguous. *Beech Grove Imp. Co.* v. *Title Guaranty, etc., Co.* (1911), 50 Ind. App. 377, 98 N. E. 373.

Points presented by appellee show the complaint to be insufficient on account of other conditions in the bond not shown to have been complied with. It is not con- 4. tended that the first condition in the bond is not valid, and under the authorities it is a valid condition. *Knight & Jillson Co.* v. *Castle, supra; Beech Grove Imp. Co.* v. *Title Guaranty, etc., Co., supra. Caywood* v.

*Supreme Lodge, etc.* (1908), 171 Ind. 410, 86 N. E. 482, 23 L. R. A. (N. S.) 304, 131 Am. St. 253, 17 Ann. Cas. 503.

It is alleged in the complaint that appellant's firm and the contractor, before the time for completing the work expired, as provided by the original contract, agreed that the time should be extended in which the work was to be finished to August 1, 1914, and that said parties and appellee, through its agent, requested and secured from the board of commissioners an order for such extension. It is further alleged: "That on May 13, 1914, said Board of Commissioners notified said firm that work should begin on said road within ten days thereafter in order to complete it by the time allotted; that immediately upon receipt of notice of said Board, and within thirty days after knowledge of default by said Black, or on or about May 13, 1914, written notice of such default and the order of said Board was given to appellee, at its office in Baltimore." Since it is shown that the time for completion of the work under the contract was extended to August 1, 1914, could there be any default before that date? The alleged notice or default was given appellee more than two and one-half months before the time within which the contractor had to do the work. It is our opinion that this was not a compliance with the first condition of the bond. Nor do we think the acceptance and retention by appellee of a renewal premium paid by the principal in November, 1913, was a waiver of appellee's right to a notice of the contractor's default for the reason that it is not contended that there was any default on the contractor's part until several months after the payment of such premium, in view of the allegations that the time for furnishing the work had been extended to August 1, 1914.

In *Bennecke* v. *Insurance Co.* (1881), 105 U. S. 355, 360, 26 L. Ed. 990, the court said: "A waiver of a stipulation in an agreement must, to be effectual, not only be made intentionally, but with knowledge of the circumstances.

This is the rule when there is a direct and precise agreement to waive the stipulation. A *fortiori* is this the rule when there is no agreement either verbal or in writing to waive the stipulation, but where it is sought to deduce a waiver from the conduct of the party. Thus, where a written agreement exists and one of the parties sets up an arrangement of a different nature, alleging conduct on the other side amounting to a substitution of this arrangement for a written agreement, he must clearly show not merely his own understanding, but that the other party had the same understanding." See, also, *Georgia Home Ins. Co.* v. *Rosenfield* (1899), 95 Fed. 358, 37 C. C. A. 96; *Insurance Co.* v. *Wolff* (1877), 95 U. S. 326, 333, 24 L. E. 387; *Marion, etc., Bed Co.* v. *Empire State Co.* (1912), 52 Ind. App. 480, 100 N. E. 882. "A waiver involves the idea of assent; and assent is primarily an act of the understanding. We cannot assent to a proposition without some intelligent apprehension of it. It presupposes that the person to be affected has knowledge of his rights but does not wish to enforce them." *Jewell* v. *Jewell* (1892), 84 Me. 304, 307, 24 Atl. 858, 859, 18 L. R. A. 473. See, also, *Gibson Electric Co.* v. *Liverpool, etc., Ins. Co.* (1899) 159 N. Y. 418, 54 N. E. 23; *Strange* v. *Fooks* (1863), 4 Gif. 408, 413; *Berman* v. *Fraternities, etc., Assn.* (1910), 107 Me. 368, 78 Atl. 462; *U. S. Fidelity, etc., Co.* v. *Ridgely* (1903), 70 Neb. 622, 97 N. W. 836.

It is not necessary to notice other questions presented by appellee. The court below did not err in sustaining the demurrer to the complaint. Judgment affirmed.

NOTE.—Reported in 114 N. E. 470. See under (3) 32 Cyc 176; (4) 115 Am. St. 94.