### BRADLEY ET AL. *v.* HARTER.

[No. 18,605.    Filed April 19, 1901.]

FRAUDS, STATUTE OF.—*Vendor and Purchaser.—Oral Modification of Contract.*—Plaintiffs entered into a written contract to purchase certain land of defendant, payment to be made from the sale of town lots into which the land should be divided, the defendant to execute deeds to purchasers and credit plaintiffs with the amount of purchase price received, and when such credits equaled the full amount of the purchase money of the land, then defendant agreed to convey the part remaining unsold to plaintiffs. Plaintiffs took possession of the land, platted same into lots, and, pursuant to the contract, sold a number of the lots, when defendant orally agreed to accept farm lands taken by plaintiffs in exchange for lots in part payment of purchase money. *Held*, that the verbal agreement as to accepting conveyances of other lands falls within the statute of frauds, and is unenforceable. *pp. 499-506.*

VENDOR AND PURCHASER.—*Contracts.—Part Performance.—Statute of Frauds.*—Plaintiffs entered into a written agreement to purchase certain land, payment to be made from the sale of lots into which the land was to be divided. Plaintiffs took possession of the land, platted same into lots and sold part of the lots, in accordance with the terms of the contract. Thereafter defendant orally agreed to accept conveyances of other lands taken by plaintiffs in exchange for the town lots in part payment of purchase money. *Held*, that the agreement is not enforceable by reason of part performance. *p. 507.*

From the Madison Circuit Court.    *Affirmed.*

*W. S. Diven, E. B. McMahan, F. A. Walker* and *F. P. Foster,* for appellants.

*T. Bagot, A. Ellison* and *C. K. Bagot,* for appellee.

JORDAN, J.—Action by appellants in a complaint of two paragraphs to recover damages from appellee. The court sustained a demurrer to each paragraph and rendered a judgment against appellants for costs. From this judgment they appeal and base their assignment of errors upon the ruling of the court upon the demurrer to each paragraph of the complaint. The following may be said to be a summary of the facts disclosed by the averments of the first para-

graph: On October 20, 1891, appellant Bradley, together
with Harvey B. Stout and Joseph A. McCoy, entered into
a written contract with appellee, Jacob H. Harter, by which
the latter agreed to sell to Bradley and his said associates
46 and 49-100 acres of real estate described and situated
within the limits of the city of Anderson, Madison county,
Indiana. The purchase price to be paid for this tract of
land as fixed by the said written contract was $1,000 per
acre, to be paid in the manner as therein provided, which
was to the effect that said purchasers, their successors or
assigns, should sell town lots, into which the said land was
to be divided or platted, to responsible persons at such prices
as might be agreed upon; one-third of the purchase price of
each lot was to be paid in cash at the time of the purchase,
to appellee, unless he consented to receive a less cash pay-
ment. For the remainder of the purchase price, the pur-
chaser was to execute his note secured by a mortgage payable
to appellee, and thereupon the latter, as provided by the con-
tract, was to execute a warranty deed conveying to the pur-
chaser said lot. The whole amount of the purchase price for
each lot, received by appellee in cash and in notes, was to
be credited by him in partial payment of the aggregate
amount to be paid for the entire tract of land so sold, and
when such credits equaled the full amount of the purchase
money of said land, then appellee, under the written con-
tract, agreed to convey the part remaining unsold to the
other contracting parties, their associates, or assigns. Ap-
pellee also agreed to pay all taxes due on the land, including
the taxes for 1891, after which the other parties were to
pay the taxes on the real estate remaining unsold, and they
were also to pay street improvement taxes. The appellee
was to be at no expense whatever in regard to the sale of the
real estate by said other parties. At the end of three years
from the date of the written contract, it was provided that
in the event a sufficient amount had been realized from the
sale of the lots to pay appellee the full amount of the pur-

chase price for his land, said other parties, their successors or assigns were then to execute promissory notes to appellee, bearing six per cent. interest, for the remainder of the purchase money due him. Such notes were to be secured by mortgages upon the portion of the land remaining unsold. Sometime subsequent to the execution of this contract, Stout and McCoy appear to have assigned all of their rights and interest in the contract to Charles M. Cooper and Victor M. Backus. The first paragraph of the complaint, after alleging the execution of the above written contract and the assignments of the respective interests of appellants Stout and McCoy therein to appellants Cooper and Backus, proceeds to allege that Bradley and the other original parties thereto, pursuant to such contract, took possession of the real estate so sold to them by appellee, and platted and laid the same off as an addition, denominating the same as Englewood, to the city of Anderson, and divided it into 257 town lots with streets and alleys, etc. That thereafter, about June 30, 1892, appellants and appellee entered into an oral contract whereby it was agreed that appellants should construct and extend the Anderson electric street railway into said addition, and should sell the lots as they could upon the consideration and terms named in the written contract. Appellee orally agreed that appellants might also procure parties owning farm or city lands who would exchange the same for lots in the said Englewood addition, said farm or city property to be offered in exchange for said lots at a fair and reasonable market value. That appellee then and thereby orally agreed that he would accept second mortgages for the deferred purchase money upon such lots as were thereafter sold, and that he would advance the money required for the improvement of Fourteenth street ordered to be improved by the common council of said city, and bear such expense of the money advanced until an amount sufficient to pay the same could be derived from the sale of lots in said addition abutting upon said street, and that he

Bradley *v.* Harter.

further orally agreed that he would accept in trade and in exchange farm and city real estate of a marketable value in payment of the purchase price of said lots, and for such exchange of lands accepted by him he would allow appellants a credit upon their said contract of purchase in like manner and to the same extent as they would be entitled to under said original written contract. It is then further alleged that, in accordance with their contract with appellee, appellants began to develop such land and dispose of the same, and in their efforts to do so they constructed a house on one of the lots at a cost of $1,500, and also incurred other enumerated expenses in developing said addition and in advertising the sale of the lots therein, etc. That pursuant to the oral contract made in June, 1892, appellants aver that they sold fifty-one lots out of said addition for the price of $13,223.62, which amount in money and notes was paid over to and accepted by appellee on the purchase price of the land under said written contract. The complaint then alleges that appellants procured some person, whose name is not disclosed, who was the owner of thirty-six acres of real estate situated within the limits of the city of Indianapolis, Indiana, which was of the value of $1,000 per acre, and who was also the owner of nineteen lots in said city of the value of $300 each, who was willing and offered to exchange his said real estate for a sufficient number of lots at a price of $300 each in said addition to the city of Anderson, which price of $300 it is alleged was a fair market value for said lots. That in the fall of 1892 appellants procured a person, whose name is not disclosed by the complaint, who owned a farm in Lawrence county in the state of Illinois of the value of $30,000, who was ready and willing to exchange his said farm for seventy-five lots in said addition, or for a sufficient number thereof to equal the price of said farm. That they also procured and furnished a person, name not disclosed, owning certain residence property or real estate in the city of Indianapolis of the value

of $17,000 who, as alleged, was also ready and willing to exchange the same with appellee for lots in said addition. That all of the aforesaid real estate so offered to appellee by appellants for exchange of lots in said addition was valuable property, and was such as he had, under the said oral contract, agreed to accept as part payment of the purchase price of the real estate sold by him to appellants under the original written contract. It is then charged that appellee failed and refused to accept any of the aforesaid mentioned property so offered to him in exchange for said lots, but that he did accept some other mentioned in the complaint, and that by reason of appellee's failure and refusal to accept the said property so offered in exchange for said lots, appellants lost in the way of profits, etc., $40,000, and were thereby rendered unable to make any further sales of said lots; that appellee, it is charged, refused to carry out the said oral contract in not accepting said lands, for the purpose and in order to cheat and defraud appellants; and that they have sustained damages on account of his refusal and failure to comply with the said oral contract in the sum of $40,000, for which they demand judgment.

The second paragraph is substantially the same as the first. The written contract is set out and the assignments of Stout and McCoy to Cooper and Backus and the several matters performed by appellants are alleged, and also the fact that appellee entered into the oral contract as mentioned in the first paragraph and refused to accept the several pieces of real estate which were offered in exchange for the lots in the said addition to the city of Anderson, in pursuance of the alleged oral agreement, all in manner and form as stated in the first paragraph of the complaint. In addition to these matters, however, the second paragraph discloses, by averments and by a bill of particulars filed therewith, that certain material was furnished by appellants and moneys paid out by them and services performed in connection with the said addition to the city of Ander-

son and the sale of lots therein, and seeks to recover the sum of $50,000 as upon a common count for such services rendered and performed and material furnished under an implied contract.

Counsel for appellee contend that the demurrer to the first paragraph was properly sustained (1) for the reason that it seeks to recover upon an alleged oral contract or agreement entered into between the parties as therein alleged, which agreement, it is claimed, falls within the statute of frauds, and hence, is not enforceable; (2) that said oral contract is unreasonable and uncertain. On the other hand, counsel for appellants contend that if it were conceded that the oral or verbal contract mentioned in the complaint, for a breach of which their clients seek to recover, was a modification of the original written contract, they would be placed in an attitude of "contending against the fate of the law". In respect to the oral contract, counsel for appellants contend as follows: "It is an agreement that does not destroy, vary, or contradict the written contract, but simply provides for an additional mode of paying the purchase money for the real estate. It does not even seek to change altogether the manner of its payment. The written contract is left intact as to that as well as to its other provisions, and the purchase money could still be paid according to the terms of the written instrument."

Counsel say that the oral contract in question simply extended to appellants the right or privilege to procure persons to exchange their real estate for the lots in question, and in this manner pay and discharge the purchase money owing to appellee for the real estate which he had sold to appellants. Our statute in respect to frauds, §§6629 Burns 1894, §4904 R. S. 1881 and Horner 1897, declares: "No action shall be brought in any of the following cases: * * * Fourth. Upon any contract for the sale of lands. * * * Unless the promise, contract or agreement, upon which such action shall be brought, or some memorandum or note

thereof, shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized; excepting, however, leases not exceeding the term of three years." That the verbal contract upon which appellants rely for recovery in this case comes within the prohibition of our statute of frauds can not be successfully controverted.

The original contract for the sale of the land by appellee to appellants, as we have seen by the fourth clause of said section of the statute of frauds, in order to be valid, was required to be in writing; that the parties, by their verbal agreement in controversy attempted to modify or vary a material part of the original written contract, is manifest. Where a contract or agreement is required, by reason of the statute of frauds, to be in writing, it can not be modified, changed, or varied in its terms or provisions by a parol contract or agreement. If such a provision or stipulation in regard to appellee accepting conveyances of other lands wholly undescribed or located in exchange for the lots in dispute, or in lieu of the money and notes which, as provided in the written contract, he was to receive, could be orally engrafted upon such a written instrument as the one in question so as to be enforceable as a part thereof, then the very purpose and object of the statute would be defeated. If a change in this manner could be made in the written contract in controversy without violating the statute, then it might be said to have been within the power or province of the parties to have verbally changed the written agreement so as effectually to have made it a different contract in all or any of its material provisions and specifications. That the law does not permit written contracts that fall within the requirements of the statute of frauds to be orally qualified or varied is a well settled proposition. *Carpenter* v. *Galloway*, 73 Ind. 418; *Lowe* v. *Turpie*, 147 Ind. 652, 37 L. R. A. 233; Browne, Statute of Frauds, §§409, 411, 414; Wood, Statute of Frauds, §403; 3 Am. & Eng. Ency. of Law, 893.

It is true that the consideration for the sale of real estate, even as between the parties to the written contract, may be shown by parol when such consideration is not of itself contractual within the terms or provisions of the written instrument, but when a written contract affected by the statute stipulates, fixes, and provides for the payment of the consideration as was done under the written agreement in this case, the consideration and the mode or manner of its payment as therein fixed and provided become a part of the contract, and the latter as to these is no more open to change or modification by parol than it is in respect to any other of its parts. The theory presented by appellants in their complaint is that they are damaged, not because appellee violated the written contract, but because he violated the oral agreement as alleged by his refusal to accept the conveyances of real estate in exchange for the lots in the Englewood addition. Appellants seek to parry the force of the statute by contending that the verbal agreement was not a contract for the sale of real estate, but was simply a change in the method of paying the consideration of the real estate sold by appellee. But the agreement by appellee to accept the conveyances of other lands in payment for what appellants owed him upon the land which he had sold to them is certainly as much open to all of the objections of the statute of frauds as though he had orally agreed in the first instance to purchase of them the lands which it is alleged he agreed to receive in exchange for the lots in controversy. *Sands* v. *Thompson,* 43 Ind. 18; *Parker* v. *Heaton,* 55 Ind. 1; *Galbraith* v. *Holmes,* 15 Ind. App. 34.

It is settled by the authorities that an agreement by parties to exchange real estate when such agreement is not in writing is invalid by reason of the statute of frauds. Browne, Statute of Frauds, §76. We conclude, for the reasons stated, that the verbal agreement upon which appellants base this action is invalid, hence it can not be enforced, and

Bradley *v.* Harter.

the demurrer to the first paragraph of the complaint was properly sustained.

Neither are appellants entitled to recover on the second paragraph of the complaint. It appears to be founded upon the same transaction as is the first. This paragraph, when tested by the facts therein alleged, and not by the conclusions of the pleader, fully discloses, we think, that the services which appellants performed and the material which they allege they furnished, etc., were all performed and furnished under and in pursuance to the written contract, and their right to recover for the same, if it exists, is under the original written agreement. The facts therein do not disclose any implied contract which would entitle appellants to recover of appellee for any of the matters specified in the averments of the paragraphs or the bill of particulars filed therewith. Appellants are shown to have taken possession of the land which appellee sold to them under the original contract, and did not take possession thereof under the verbal agreement, and there is nothing to maintain their claim that said agreement, though invalid under the statute of frauds, is enforceable by reason of part performance. If appellants were dispossessed by appellee as they allege, we must assume that this action upon the part of appellee was rightful, in the absence of anything to the contrary. If he violated his written contract, or refused to convey the land purchased under the written agreement upon the payment of the purchase money in full, certainly ample remedies were afforded appellants for redress. We conclude that the court did not err in sustaining the demurrer to the second paragraph of the complaint.

Judgment affirmed.