## Wellinger et al. *v.* Crawford.

[No. 6,791. Filed November 19, 1909. Rehearing denied February 17, 1911. Transfer denied June 27, 1911.]

1. CONTRACTS.—*Oral Modifications.—Commissions for Sales of Real Estate.—Statute of Frauds.—Complaint.*—A complaint alleging that defendants entered into a written contract with the plaintiff to pay to him a certain commission provided he effected a sale of their land for $5,000, that afterwards such contract was orally modified to provide for the payment of such commission upon a sale of such land for $4,500, and that the plaintiff so effected a sale at $4,500, does not state a cause of action, §7463 Burns 1908, Acts 1901 p. 104, §1, requiring all contracts for such commission to be "in writing;" and such provisions cannot be varied or waived by parol. pp. 174, 177.

2. CONTRACTS.—*Vendor and Purchaser.—Options.—Breach.—Complaint.*—Where a landowner gave an option on his land, agreeing in case of actual sale thereof for a certain sum, to give the holder of such option a certain commission, and before the expiration of such option sold such land to another, the holder of such option may maintain an action for damages for the breach thereof; but a complaint therefor must be based upon such breach and not for commissions earned by reason of such sale. p. 177.

From Clark Circuit Court; *Harry C. Montgomery*, Judge.

Action by Thomas F. Crawford against Amelia Wellinger and another. From a judgment for plaintiff, defendants appeal. *Reversed.*

*M. Z. Stannard, Jonas G. Howard* and *Phipps & Kopp*, for appellants.

*E. C. Hughes* and *G. H. D. Gibson,* for appellee.

RABB, J.—This was an action by appellee to recover a commission, as a real estate agent, for services rendered in finding a purchaser for real estate belonging to appellants, and based upon an alleged written contract between the parties.

The only question presented by the record arises

1. upon the action of the court in overruling appellants' demurrer to the third paragraph of appellee's complaint. The contract, which is the basis of appellants' action, is as follows:

"This is to certify that we, Amelia Wellinger and Joseph Wellinger, her husband, of Clark county, Indiana, do hereby agree and bind ourselves to sell and convey to Thomas F. Crawford, of Clark county, Indiana, for and in consideration of the sum of $5,000, the following real estate, in Clark county, Indiana, to wit: Being the real estate conveyed by the Coombs heirs to Amelia Wellinger, by deed bearing date of the ———— day of ————, and which deed is found of record in deed record ————, at page ——, of the deed records of Clark county, Indiana, and for a more particular description of said real estate reference is to be made to said deed record. Said Amelia Wellinger and Joseph Wellinger, her husband, hereby agree and bind themselves to execute and deliver to said Thomas F. Crawford a warranty deed to said real estate, and the parties to execute said deed to any person that said Crawford shall authorize and direct, upon tender and payment to the Wellingers by said Crawford of $5,000, provided that should said Crawford fail to pay said Wellingers the sum of $5,000 until after the expiration of January 1, 1906, then this writing and obligation shall be void, and said parties shall no longer be obligated to execute said deed. It is further agreed that said Amelia Wellinger shall pay said Thomas F. Crawford a commission of five per cent of the purchase price for the sale of said real estate. Amelia Wellinger. Joseph Wellinger."

It is averred in the complaint that after the contract was entered into appellee was unable to find a purchaser willing to pay $5,000 for the premises, and that after appellants re-

ceived information from appellee that he was unable to find a purchaser for the premises at the price named, appellants agreed to waive the provision in said contract that the lands should be sold for $5,000, and agreed to accept $4,500 therefor, and to pay plaintiff five per cent of that amount as commission for making the sale, as provided in the contract, and agreed to carry out the terms of the contract, as modified to that extent; that immediately thereafter, and prior to the time fixed in the agreement for the expiration thereof, appellants sold the real estate to a purchaser, procured by appellee, for the sum of $4,500.

Section one of the act of 1901 (Acts 1901 p. 104, §7463 Burns 1908) provides that no contract for the payment of money as a commission for finding or procuring a purchaser for real estate shall be valid unless it is in writing, and is signed by the owner of the real estate. This act is supplemental to the statute of frauds, and should be construed accordingly. The contract sued on is an executory contract for the sale of land at a stipulated price by the appellants to the appellee. The only stipulation in the contract under which appellee could claim any right to a commission is the clause providing that "Amelia Wagner shall pay said Thomas F. Crawford a commission of five per cent of the purchase price for the sale of said real estate." This clause must be construed in connection with all the other provisions of the contract, and, so construed, the agreement to pay a commission for the sale of the real estate must be held to refer to the complete execution of the executory contract, and the payment to appellants of the contract price of $5,000. The consideration for which the land was to be sold was a material part of the contract, and a change in the terms of the contract, by which the parties agreed to sell for a different consideration, was such a material variance from the contract as written that no action would lie upon such altered contract, unless the alteration was evidenced by a

writing signed by the parties sought to be charged. *Carpenter* v. *Galloway* (1881), 73 Ind. 418; *Lowe* v. *Turpie* (1897), 147 Ind. 652, 681, 37 L. R. A. 233; *Sprankle* v. *Truelove* (1899), 22 Ind. App. 577; *Bradley* v. *Harter* (1901), 156 Ind. 499. Here, the third paragraph of complaint does not aver the performance by appellee of the contract, as it was made, but does aver that a materially different contract was orally entered into, and a recovery is sought upon this oral agreement.

The demurrer should have been sustained.

Judgment reversed, with instructions to the court below to sustain appellants' demurrer to the third paragraph of complaint.

Watson, J., did not take any part in the consideration of this case.

## On Petition for Rehearing.

Lairy, J.—Appellee makes the point in his petition for rehearing that this court in its original opinion does not accurately state the substance of the complaint. He asserts that the complaint does not aver, as stated in the original opinion, that he was unable to find a purchaser for the premises who was willing to pay $5,000, and that after appellants received information from appellee that he was unable to find a purchaser for the premises at the price named, appellants agreed to waive the provisions in said contract that the lands should be sold for $5,000; but that the complaint on this subject alleges that appellee did attempt to sell said land for said $5,000, and did spend much time and money in an effort to sell said lands at said price; that the best offer he could obtain for said land was $4,500, which offer was made by Clarence and Gertrude Spencer; that appellee thereupon advised appellants that $4,500 was the best offer he had so far obtained for said land, but advised that a better offer might be obtained later on.

Considering the complaint as a whole, we think that the

substance of its material averments was properly stated in the original opinion. The complaint was construed 1. by the court on the theory that it was based on the contract, and sought to recover a commission earned under said contract. So construed, the complaint could not be sufficient, unless it showed that appellee had performed the contract on his part, by obtaining a purchaser for the property in accordance with the terms of said contract. The complaint discloses that the land was sold for $4,500, and, in order to show that this was a compliance with the contract, the complaint makes the following averments: "That thereupon, and after receiving said information from said plaintiff, said defendants agreed to waive, and did waive, the provision in said contract that the land should be sold for $5,000, and agreed to let said price stand in said contract at $4,500, and agreed to accept the sum of $4,500 for said real estate." The original opinion correctly holds that such a condition in a contract, required under the statute of frauds to be in writing, cannot be waived or modified by parol. *City of Michigan City* v. *Leeds* (1900), 24 Ind. App. 271; *Carpenter* v. *Galloway* (1881), 73 Ind. 418; *Goss* v. *Nugent* (1833), 5 Barn. & Ad. 58; Browne, Stat. of Frauds (4th ed.) §411.

Appellee urges that his complaint shows that he had a contract which gave him the exclusive right to sell, at any time before January 1, 1906, the real estate described 2. therein for $5,000, and that appellants sold the premises for $4,500 on February 25, 1905, without the consent of appellee. These averments would tend to show a breach of the contract by appellants. If appellants conveyed the land to another before the time covered by appellee's option had expired, and thereby disabled themselves from performing the contract on their part, this would amount to a breach of the contract, and would give rise to an action in favor of appellee for such breach. To be good

upon the theory of a breach of contract, the complaint should aver facts which show that, by reason of said breach, appellants prevented appellee from purchasing the property himself, or selling it to another within the time provided in said contract and in accordance with its terms, and that appellee was thereby prevented from earning the commission provided in the contract. It is not averred in the complaint that appellee could and would have purchased the real estate, or that he could have sold it to another at the price and within the time specified in the contract. It does not appear from any averment of the complaint that appellee was damaged by said breach, as it does not appear that appellee could have earned the commission, even though appellants had not broken their contract by conveying the land. The complaint does not proceed on the theory of a breach of the contract, and seek to recover damages resulting therefrom; and, if it did, it would be clearly insufficient upon that theory, for the reasons stated.

The complaint clearly seeks to enforce the written contract as modified. It is insufficient upon this theory, for the reasons stated in the original opinion.

The petition for rehearing is overruled.