NAGDEMAN ET AL. *v.* CAWLEY ET AL.

[No. 12,846. Filed February 23, 1928. Rehearing denied April 21, 1928. Transfer denied April 23, 1929.]

*William J. Whinery,* for appellants.

*Glenn D. Peters* and *Bomberger, Peters & Morthland,* for appellees.

ENLOE, J.—On August 8, 1923, the First National Bank of Hammond, Indiana, which bank, as trustee for Harry W. Cawley and E. Maie Cawley, held the legal title to certain lots in the city of Hammond, Indiana, entered into a written contract with appellant Meyer Nagdeman for the sale of said lots to said Nagdeman, for the sum of $6,000, of which purchase price the sum of $1,000 was then and there paid in cash. The said contract provided that the remainder of said purchase price should be paid as follows: $2,500, with interest thereon at seven per cent on December 8, 1923, and $2,500, with interest thereon to be paid semiannually, at seven per cent, on August 8, 1924.

The complaint herein was filed and this action commenced on June 24, 1924. In the complaint it was alleged that the defendant (appellant Meyer Nagdeman) had "failed and refused to pay on said day and date said sum of Twenty-five Hundred ($2,500)" due on December 8, 1923, "but the same remains in default." This was the only breach of said contract alleged in said complaint.

A copy of said contract of sale was attached to said complaint and, by reference, made a part thereof. In

said contract, it was provided that if said Nagdeman should fail to perform any of the covenants set out in said contract, by him to be performed, then said contract should become a lease and money paid on said contract should be retained as rental for said premises; it also provided that the said contract, at the option of said bank, upon such failure, might be forfeited and terminated and all payments made thereon retained by said bank in satisfaction of damages sustained, and that it might re-enter and take possession of said premises.

There was also an allegation in said complaint that said contract had been recorded in the office of the recorder of Lake county; that such recording was unauthorized by law because said contract had not been acknowledged before a notary public; that the record of said contract cast a cloud upon the plaintiff's title. The prayer of the complaint was that the recording of said contract and the cloud thereby created should be cancelled, rescinded, set aside, and held for naught; that the rights and claims of the defendant be determined and forfeited; that the defendant be enjoined and restrained from asserting, setting up or claiming any right, title, or interest in and to said real estate, and that the title thereto should be quieted and forever set at rest in the plaintiff, First National Bank of Hammond, Indiana, as trustee.

This complaint, the appellants answered by a general denial. Appellant Meyer Nagdeman filed a second pleading which, in the briefs, is spoken of as a second paragraph of answer, but which is really a cross-complaint in which he denied that he had breached said contract, and in which he alleged that he had complied therewith; that he had made all payments required of him, and had tendered to the said bank each and all of the payments which had fallen due before suit was brought, and that said bank had refused to accept such payments; that he

was in the peaceable and lawful possession of said property as the purchaser and owner thereof under said contract, and that he stood ready, able and willing to fully complete and carry out said contract, and he asked the court to make and state an account between the parties, fix and declare the amount due under said contract and to fix a time within which the same should be paid, etc. This cross-complaint was answered by a general denial, and the issues thus formed were submitted to the court for trial and resulted in a decree that the said contract of purchase "be and the same is hereby canceled, rescinded, forfeited, determined and held for naught." The decree also provided that the record of said contract should be canceled; that the defendants be enjoined and restrained from asserting or claiming any right, title, or interest in and to said premises, and that the title of said bank, as trustee, should be quieted and forever set at rest. From the action of the court in overruling a motion for a new trial, separate and several as to each defendant, this appeal is prosecuted. The matters presented and necessary to be considered in deciding this case are those hereinafter noticed.

The record herein discloses the following facts, without dispute or controversy: That the said contract of sale provided that, as to time of payment of money due thereunder, "time should be of the essence of the contract"; that early in December, 1923, Meyer Nagdeman had a conversation with appellee Harry W. Cawley, one of the beneficial owners of said property, and informed said Cawley that he would not be able to meet his payment of $2,500 falling due December 8, 1923, and that he asked Cawley for more time; that it was then agreed that if said Nagdeman would pay all interest accrued on said notes up to December 8, 1923, additional time would be given; that accordingly, on December 7, 1923, Nagdeman paid to said bank, trustee, the sum of

$116.68, the same being such interest in full to said date; that in March, 1924, another agreement was made, and that, in pursuance of such agreement made between Nagdeman and said Cawley, Nagdeman paid to said bank the sum of $118.61, the same being the interest on the unpaid balance of said purchase money from December 8, 1923, to May 8, 1924; that the taxes on said property, which, by the terms of said contract, the said bank was to pay, had not been paid in full for the year 1922, and that they were delinquent in the sum of $31.28, and that Nagdeman had paid them; that on May 8, 1924, Nagdeman tendered to said bank his check for $2,468.72, the same being the $2,500 due by the terms of said contract on December 8, 1923, less the said taxes paid; that said bank refused to receive said check; that, a few minutes later, Nagdeman tendered his check to said bank in the sum of $2,500, and the same was refused by the bank, acting under instructions from said Cawley, solely because of the amount thereof, Cawley contending that, under the agreement between himself and Nagdeman made in March, 1924, he had agreed to extend the time of payment to May 8, 1924, upon condition that, upon that date, Nagdeman would pay the entire unpaid purchase price of $5,000, and this action was commenced in June, 1924. The trial court found with Cawley upon this proposition, and rendered its decree in his favor as hereinbefore stated.

As we view this case, the theory of the complaint, whether it be for *cancellation* of the contract because of the alleged failure of Nagdeman to comply with its terms, or one asking the court to declare a forfeiture because of such alleged failure, can make no difference as to the final result, as upon neither theory was the court justified in finding for the appellees and rendering the decree in their favor.

The sole and only breach alleged in the complaint as

being the basis for any relief was the alleged failure to pay the $2,500 which fell due under the terms of said contract on December 8, 1923. Appellee Harry W. Cawley does not deny the agreement of December, 1923, and that, in pursuance of said agreement, he received a check for $116.68; neither does he deny that on March 28, 1924, he received a check for $118.61, the same being the interest on the entire unpaid balance up to May 8, 1924, and the question now arises as to the legal effect, if any, of these agreements.

In December, 1923, Cawley knew that if Nagdeman did not pay the said sum of $2,500 and interest thereon, on December 8, as fixed in said contract, he would have the right at once to declare a forfeiture of all rights theretofore had by Nagdeman under the terms of said contract, and the legal effect of his agreement made with Nagdeman was: "If you will pay now the interest due on the said December installment, and will also pay the interest on the deferred installment— not due until next February—*I will forbear to exercise my right to declare a forfeiture of your contract* because of your failure to pay said December installment when the same fell due." On March 28, 1924, he, in legal effect, said to Nagdeman: "If you will now pay interest on the entire unpaid balance up to May 8, 1924, *I will forbear to exercise my right to declare a forfeiture* because of your failure to pay said installment due last December." Neither of the above-mentioned agreements changed nor in any way modified the original contract; they were independent collateral agreements; they were each founded upon a valuable consideration, viz., the payment of money, as interest, which money was not, by the terms of the contract, due; and such contracts have long been recognized as being valid. As to the agreement of December, 1923, it will be noted that in it no definite time of forbearance was fixed, and, while some courts

hold that such an agreement is valid, as being an agreement to forbear for a reasonable time (see 13 C. J. "Contracts" §202, F. "Time of forbearance"), in this state, it has been held that such contract must be for a definite time. See *Henry* v. *Gilliland* (1885), 103 Ind. 177, 2 N. E. 360. However, the agreement of December, 1923, valid or invalid, is of no controlling force in this case; if that agreement was invalid, then on March 28, 1924, the appellees had a right of action—a right to declare a forfeiture and have the same judicially decreed; this right they agreed to suspend; they agreed not to bring suit until after May 8, 1924, in consideration that money should be then paid to them in the way of interest in advance. As to the agreement of March, 1924, as contended for by appellant Meyer Nagdeman, there can be no question as to its binding force and effect; it was simply an agreement for forbearance, and in no way changed or modified the original contract. But it is insisted by appellee Harry W. Cawley that said agreement was that he would forbear on condition that Nagdeman would pay *the entire unpaid balance of the purchase price* on May 8, 1924, and that Nagdeman, having failed to pay all of said balance, he had a right to declare a forfeiture and bring this action. If we should concede, for the purpose of this decision, that said last agreement was as contended for by said Cawley—that it embraced the entire unpaid indebtedness and not merely said December installment—then the legal effect, if any, of said agreement becomes a subject for our consideration.

That we may get the full force of the said agreement, as to its legal effect, let us suppose that said agreement had been that, on May 8, Nagdeman was to pay the December installment, then past due, and that on May 15, 1924, he would pay the $2,500 which by the terms of the contract would fall due on

August 8, 1924, and let us further suppose that on May 8, in strict compliance with his contract, Nagdeman had paid to said bank the said December installment in full, but had failed to meet the payment to be made, by said agreement, on May 15, 1924, and that, at once thereafter, a forfeiture had been declared and this suit brought, in what situation would the appellees find themselves? They could not rest their cause of action upon the agreement of March 28, 1924, for there was nothing in said agreement covering that subject; they could not rest it upon the original contract of sale, for that contract fixed the time of payment as August 8, 1924, a time yet in the future when suit was brought, and as the said contract was one required by our statute (§8045 Burns 1926) to be in writing, it could not be modified or changed by a contract in parol. *Bradley v. Harter* (1901), 156 Ind. 499, 60 N. E. 139. It follows that the part of the said agreement of March, 1924, accelerating the time of payment was of no legal force and effect.

Whether, a part of said agreement being invalid, the entire agreement falls, and that there was, therefore, no binding contract for a forbearance to declare a forfeiture, cannot help the appellees. They, both in December, 1923, and in March, 1924, received money as the consideration of said agreements, and having received this money under the circumstances stated, they could not retain it and demand relief in a court of equity. Under the undisputed facts of the case, the appellees were not, at the time this suit was brought, entitled to declare a forfeiture and have the same enforced, or to have said contract of sale rescinded; they had received $239.29 under the said contracts of December, 1923, and March, 1924, as the consideration for their agreement to forbear to exercise their right to declare a forfeiture, and they had also received the benefit of the $31.28 paid by appellants on account of delinquent

taxes, and no part of this money did they return or offer to return to appellants, and this money was not money paid in discharge of the original contract and, under the terms of which, they were entitled to retain. We, therefore, conclude that the decision of the court was not sustained by sufficient evidence, and that it was contrary to law.

The appellants herein, in their cross-complaint, alleged that they were ready, willing and able to pay to the appellees whatever amount was justly owing by them to the appellees, and they asked the court to make and state an account between the parties, to find and state the amount owing by appellants to appellees, and to fix the time within which the same should be paid into court. This request should have been complied with, and, after determining what amount was due the appellees, after allowing all just credits, the court should have fixed a day, allowing reasonable time in that behalf, within which the sum so found due should be paid into court for the use and benefit of appellees. This being a cause of equitable cognizance, there should be no difficulty in so moulding the decree as to do complete equity and justice to all parties.

The judgment is reversed, with instructions to sustain appellants' motion for a new trial and for further proceedings consistent with this opinion.

McMahan, J., not participating.