MAGLARIS *v.* CLAUDE NEON FEDERAL COMPANY, INC.

[No. 15,117: Filed November 26, 1935.]

*James H. Meyer* and *Lorin H. Kiely,* for appellant.

*Richard R. McGinnis* and *Richard Waller,* for appellee.

WIECKING, J.—This was an action by appellee declaring upon a written contract, by the terms of which the appellee was to install, repair, and maintain an electric sign at number 12 Northwest Third Street, Evansville, Indiana, and the appellant agreed to keep and use the sign for a period of thirty-six months and to pay the sum of twenty-one dollars and seventy cents per month, monthly in advance,. during the life of the agreement. The appellee, during the life of the agreement, was to maintain the sign by cleaning and refurbishing it at cer-

tain intervals and was also to repair and replace any broken parts. The agreement further provided for an additional period of thirty-six months at a price designated in the contract unless, at least thirty days before the expiration of the original term of the contract, either party should give written notice to have the agreement terminated. The agreement further provided that in case of default in the contract the appellant should be liable to the appellee in an amount equal to 60% of the monthly payments that would accrue in the unexpired portion of the agreement, it being agreed that such sum represented the actual loss suffered by the appellee and was not a penalty. The complaint alleged breach of the contract after four monthly payments and asked judgment for five hundred dollars.

The appellant filed an answer in two paragraphs, the first in general denial and the second admitting the execution of the contract sued upon but alleging that on account of a misunderstanding on the part of the defendant (appellant) as to whether the sign was to be erected at number 12 Northwest Third Street or at 668 Lincoln Avenue, a controversy had arisen between the parties as to the place where the sign was to be installed. The appellant further alleged that on account of the controversy the parties mutually agreed to modify and change the terms of the contract in question so that appellee was to install the sign at number 12 Northwest Third Street until the appellant moved to 668 Lincoln Avenue; that upon such removal the appellee was to move the sign to 668 Lincoln Avenue and erect, install, maintain, and repair it at that address; the appellant, in consideration of such original installation and subsequent removal and reinstallation, maintenance, and repair, was to make the payments set out in the original agreement. To this paragraph of answer the appellee filed a reply in general denial. The cause was submitted

to a jury for trial and at the conclusion of all the evidence the parties each submitted instructions to the court. The appellee also moved the court to instruct and direct a verdict for the appellee, which motion was sustained by the court; a verdict returned by the jury in accordance with such instructions and judgment rendered on the verdict of the court. The appellant filed a motion for new trial which was overruled. The action of the court in overruling such motion for new trial is the error assigned for reversal here.

The motion for new trial contains fifteen specifications. The Propositions, Points and Authorities in appellant's brief only purport to treat a part of such specifications, namely numbers 3, 4, 6, 7, 8, 9, 10, 14, and 15. Specifications numbered 3 and 6 deal with sustaining objections to certain questions propounded to witnesses in an attempt to prove an oral modification of the written contract set out in the complaint; specifications 4 and 7 both are with regard to the exclusion from evidence of a certain letter; specifications numbered 8 and 9 go to the action of the court in directing a verdict for appellees; specification 10 deals with the refusal to give instruction number one tendered by the appellant, and specifications 14 and 15 are the usual ones that the verdict of the jury is not sustained by sufficient evidence and is contrary to law.

While a number of questions apparently are raised, the whole matter is determined by the question of whether or not the court erred in excluding certain evidence at the trial of the cause. The first question was propounded to a witness for the appellee on cross-examination and was as follows:

"Q. Mr. Williams, you may state to the court and jury whether or not, because of the mutual mistake between the plaintiff company and this defendant, a controversy arose between the plaintiff company and the defendant as to where the electrical adver-

tising display was to be located in the city of Evansville after it had been delivered to the city of Evansville by the plaintiff company."

The second question was propounded to appellant on direct examination and was as follows:

" 'Question: The court asked you, Mr. Maglaris, where this electrical sign was erected and installed, and in answer to that question you said at No. 12 Northwest Third Street, against your wishes. Will you explain to the court and jury how it happened that the sign was erected and installed at No. 12 Northwest Third Street?' "

The obvious intent of these questions was to prove by parol evidence some other or different agreement than that set out in the complaint.

Few rules of law are better established than the proposition that where a contract is required by law to be in writing, it can only be modified by a written instrument. *Bradley* v. *Harter* (1900), 156 Ind. 499, 60 N. E. 139; *Burgett* v. *Loeb* (1909), 43 Ind. App. 657, 88 N. E. 346. The alleged agreement pleaded in the appellant's second paragraph of answer could only be enforceable in case it was in writing unless the original contract was not required to be in writing.

Briefly, the original contract called for services to be performed by appellee over a period of three years and appellant was bound to keep and use the sign and to make payments on it as well as payments for maintenance over a period of thirty-six months. Since the contract by its terms could not be performed within one (1) year, it was required by the statute of frauds to be in writing. *Meyer et al.* v. *E. G. Spink Co.* (1921), 76 Ind. App. 318, 124 N. E. 757. The applicable clause of the Statute of Frauds (§8045, Burns 1926, §33-101, Burns 1933, §8363, Baldwin's 1934) is as follows:

"No action shall be brought in any of the following cases:

"Fifth. Upon any agreement that is not to be performed within one (1) year from the making thereof.

."Unless the promise, contract or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized, excepting, however, leases not exceeding the term of three (3) years."

The contract comes well within the rule laid down in *Page on Contracts* discussing the clause of the Statute of Frauds. The application has been definitely restricted to cases which by their express terms or from the nature of the subject matter are not performable within one year.

"A contract which for its performance requires payment of money, delivery of property or rendition of services at intervals extending over a year from the date of making the contract is within the statute. Thus a promise to pay money in thirteen, or in fourteen months; to pay one hundred dollars a year for four years; to pay money annually during the life of a contract for ten years; . . . to deliver personal property during two years, or at the end of four years; or to exhibit a display cabinet for a period of six years; . . . are all contracts which fall within this clause of the statute." (Page on Contracts, Vol. 2, page 2247-8, Section 1300.)

The contract calls not only for the payment of money at monthly intervals over a period of three years, but also calls for the rendition of services by the appellee over a similar period of time.

The contract in question is also not such a lease as is contemplated by the exception in the latter part of the fifth clause of the Statute of Frauds, the Supreme Court of Indiana having heretofore held that the "lease exception" applies only to leases of real estate.

"The result of the authorities seems to be that the fifth clause of the statute has no reference to contracts concerning real estate. *Baynes* v. *Chastain,* 68 Ind. 376; *Fall* v. *Hazelrigg,* 45 Ind. 576; *Sobey* v. *Brisbee,* 20 Iowa 105; *Young* v. *Dake,* 5 N. Y. 463; *Wilson* v. *Martin,* 1 Denio 602.

"It is the fourth clause alone which affects such contracts, and the exception concerning leases being a modification of this clause, would be found more appropriately at the end of it, as is the corresponding provision in the Iowa statute. *Sobey* v. *Brisbee, supra.*" (Our italics.) *Railsback* v. *Walke,* (1882), 81 Ind. 409, 412.

The agreement further provided that it should be for a period of thirty-six months and should be deemed renewed and extended for a further period of three years unless a thirty-day notice of termination be given. Even if the agreement were to be considered a lease it would be required to be in writing, as it creates a term of more than three years.

In the case of *Ramer* v. *State* (1920), 190 Ind. 124, 128 N. E. 440, the court construed an oral lease for one year with an option to renew from year to year for a period not to exceed fifteen years and held it void under the Statute of Frauds in the following language:

"It is obvious that the verbal agreement for a lease, with the privilege of renewal for fifteen years, was void." *Ramer* v. *State* (1920), 190 Ind. 124, 128 N. E. 440, 442.

Since the agreement in question was one that was required to be in writing by the Statute of Frauds, the court properly sustained to objection to the questions seeking to show a different parol agreement.

The second question presented is as to the exclusion of a certain letter written by appellee to the appellant. The letter set out in the record is as follows:

"January 14, 1932.

"Mr. Sam Maglaris,
668 Lincoln Avenue,
   Evansville, Indiana.

"Dear Mr. Maglaris:

"In accordance with our telephone conversation, I am sending you herewith a new contract to replace the old contract, and to be effective February 1, 1932, for a period of 36 months at the rate of $21.70, which is the same rate as provided in the original contract. This contract provides that we will move the sign to your Lincoln Avenue address at our expense and will give you ownership of the sign at the expiration of the contract upon payment to us of $1.00. We will also transfer to this new contract the advance payment for the last three months of the contract made with the original contract. If this is satisfactory to you, please sign all four copies and return to us, one of which, when approved by an officer of our company, will be returned to you. We are also sending you a statement for the amount due for services already rendered for the month of September and part of October, 1930.

"Immediately upon receipt of these signed contracts and a check for $37.80, we will issue the necessary instructions to move the sign to your new address and connect it to leads brought out anywhere within 8 feet of the sign.

"We appreciate very much your attitude in agreeing to this compromise, as I believe a law-suit would be disagreeable for both parties.

               Yours very truly,

                    CLAUDE NEON FEDERAL COMPANY,
LB                           R. D. Williams,
3240                    Manager Louisville Office."

This letter was originally admitted in evidence by the court as defendants exhibit No. 2 and later was stricken out on motion of the appellee. It is apparent that the letter itself is an offer in compromise. It refers to a new contract which was to replace the one sued upon. A search of the record and of the briefs fails to disclose, however, that the new agreement was ever entered into

or any of the propositions contained in the letter accepted. Since there was neither an allegation nor proof that said new written contracts embodying the terms of the compromise were ever executed, the defendant's exhibit No. 2 was inadmissible and was properly stricken out by the court. *Louisville, etc., Ry. Co.* v. *Wright* (1888), 115 Ind. 378, 17 N. E. 584; *Halstead* v. *Coen* (1903), 31 Ind. App. 302, 67 N. E. 957; *Dailey* v. *Coons* (1878), 64 Ind. 545; 22 Corpus Juris 308, Sec. 347.

As pointed out above, the original contract could only be modified by a written instrument. The exhibit itself is not a sufficient memorandum of the oral agreement so as to permit its enforcement under the Statute of Frauds in the absence of proof that the offer extended in the exhibit was accepted by the appellant. *Olcott* v. *McClune* (1912), 50 Ind. App. 79, 98 N. E. 82.

In view of the fact that the evidence set out herein was properly excluded, the court did not err in refusing instruction number one tendered by the appellant, inasmuch as it depended entirely on the evidence excluded. Likewise, there was no error on the part of the court in directing a verdict for the appellee. Since the evidence was properly excluded by the court, there were no questions of fact to be decided by the jury. The undisputed evidence established the agreement, the breach, and the amount paid upon the contract by the appellant. The damages likewise were established by the agreement. Since there was no evidence to go to the jury to establish any defense on the part of the appellant, the court did not err in instructing the jury to find for the appellee. A search of the briefs and the record fails to point out any evidence or proper inference that could be drawn from the evidence which would excuse the court from giving the peremptory in-

struction. *Beckner* v. *The Riverside and Battle Ground Turnpike Company* (1879), 65 Ind. 468, 473.

Finding no error in the record the judgment of the court below should be and accordingly is affirmed.

Judgment affirmed.

Kime, P. J., not participating.