## WARD *v.* POTTS

[No. 28,661.   Filed April 18, 1950.]

*Raymond O. Evans,* of Crawfordsville, and *Scifres & Hollingsworth,* of Lebanon, for appellant.

*Parr, Parr & Parr,* of Lebanon, for appellee.

GILKISON, J.—By an amended complaint in three paragraphs appellant seeks to recover from appellee a commission of 3% for selling a portion of appellee's farm lands. The alleged contract consisted of appellee's written offer as follows:

"Lebanon, Ind.
Jan. 10, 1946

Ward's Agency
Crawfordsville, Ind.

Dear Mr. Ward:

I have your letter of December 19th, re selling my farm in Madison Township. This farm will be offered on the basis listed below.

The property is in three tracts: 212 acres, full set of buildings, plus small tenant house; 160 acres full set of buildings: 100 acres, no buildings. Electricity at both farms.

The prices on various combinations are as follows:

| | |
|---|---|
| 212 acres for | $40,280 |
| 160 acres for | 32,800 |
| 100 acres for | 17,000 |

312 acres for        $56,160
260 acres for        49,400
472 acres for        85,000

This may be sold in any one of the following combinations, except, that in no case will the 212 and 160 be sold leaving the 100 acres alone. The 100 acres may be sold first alone, in which case the others could be sold the same way.

Commission at three per cent will be paid.

This is not exclusive.

Very truly yours,<br>C. R. Potts

303 South East Street
Lebanon, Ind.

P. S.   This sale is subject to tenants rights for 1946."

There is no averment that this offer was accepted in writing.

Paragraph I of the amended complaint avers appellant's employment by the above written offer. That on October 22, 1946, appellant found a purchaser, Julian Whitaker, for the 160 acre tract mentioned in the written offer for $31,000. That appellee on that date sold the 160 acre tract to the person so procured by appellant, for the sum of $31,000. That upon demand appellee refused to pay appellant commission upon said sale in the sum of $960. Prayer for judgment, and all proper relief.

Paragraph II of the amended complaint is substantially similar to paragraph I, except it alleges the purchaser to be one L. E. Barclay.

Paragraph III of the amended complaint is similar to paragraphs I and II, except it avers that prior to October 22, 1946, appellee orally authorized appellant to sell the 160 acres mentioned in the written offer for $31,000 instead of $32,800 as provided in the written offer. That on October 22, 1946, appellee sold the

160 acre tract for $31,000, but upon demand refused to pay appellant 3% commission. Prayer for judgment for $930 and all proper relief.

Appellee's separate and several general demurrer to each paragraph of the amended complaint was sustained. Appellant refusing to plead further, judgment was rendered against him, from which this appeal is taken.

The sole question presented by this appeal is whether or not appellant is prevented from collecting the agreed 3% commission on the sale made, by reason of § 33-104, Burns' 1949 Replacement, providing as follows:

> "No contract for the payment of any sum of money or thing of value, as and for a commission or reward for the finding or procuring by one [1] person of a purchaser for the real estate of another, shall be valid unless the same shall be in writing, signed by the owner of such real estate or his legally appointed and duly qualified representative: Provided, That any general reference to such real estate sufficient to identify the same shall be deemed to be a sufficient description thereof."

Indulging the presumption in favor of appellant as against the demurrer, that he found a purchaser for the 160 acre tract, not for the sum of $32,800 as provided in the written contract but for the sum of $31,000 dollars, is he entitled to recover the agreed 3% commission on the latter sum?

Our courts have consistently held that § 33-104, Burns' 1949 Replacement, *supra,* applies to all contracts by which one person agrees to find or procure a purchaser for the real estate of another in consideration of a commission or reward. *Bryan* v. *Mayo* (1919), 188 Ind. 548, 552, 553, 124 N. E. 873; *Belleville Lumber & Supply Co.* v.

*Chamberlin* (1950), 120 Ind. App. 12, 84 N. E. 2d 60, 63.

Few cases with a factual situation like this one have come before our courts of appeal. In one such case our Appellate Court properly stated the applicable law thus:

". . . The consideration for which the land was to be sold was a material part of the contract, and a change in the terms of the contract, by which the parties agreed to sell for a different consideration, was such a material variance from the contract as written that no action would lie upon such altered contract, unless the alteration was evidenced by a writing signed by the parties sought to be charged." (authorities). *Wellinger* v. *Crawford* (1911), 48 Ind. App. 173, 175, 177, 89 N. E. 892.

In *Bryan* v. *Mayo, supra,* this court, on page 553, by Lairy, C. J. said:

"Before appellee could assert any right to receive payment of the sum stipulated in the contract, even though it were in writing, it would have been incumbent on him to find purchasers and close sales for real estate of appellant amounting in the aggregate to the sum stipulated . . . The payment of his compensation or reward depended upon the attainment of the result stated, and it could not be earned in any other way . . ." Annotation XVI, 44 L. R. A. 629.

Since neither paragraph I nor II of the amended complaint avers facts sufficient to show a performance by appellant of the alleged written contract sued upon, the general demurrer was properly sustained to each. Finding a purchaser for the 160 acre tract for the sum of $31,000 is not a performance of the contract to find a purchaser to pay $32,800. Since the contract sued upon is not exclusive, and specifically fixes the price at which the 160 acre

tract must be sold, the courts may not by any process of interpretation or construction modify or change its clear and unambiguous terms. To do so necessarily results in the remaking of the contract for the parties. This the courts may not do. *Jenkins* v. *King* (1946), 224 Ind. 164, 174, 65 N. E. 2d 121; *Fishers Grain Co.* v. *Sparks* (1945), 223 Ind. 133, 139, 58 N. E. 2d 932, 934; *International Shoe Co.* v. *Lacy* (1944), 114 Ind. App. 641, 647, 53 N. E. 2d 636; *Miles* v. *Indiana Service Corp.* (1933), 97 Ind. App. 400, 405, 185 N. E. 460.

A contract required by law to be in writing must be wholly so in order to be enforceable as a written contract. A contract partly in writing and partly in parol is a parol contract, and does not satisfy a statute requiring a written contract. *Board of Commissioners of Marion County* v. *Shipley* (1881), 77 Ind. 553; *Luther* v. *Bash* (1916), 61 Ind. App. 535, 539, 112 N. E. 110; *Peters* v. *Martin* (1919), 69 Ind. App. 436, 442, 122 N. E. 16; *Gordon* v. *Gordon* (1884), 96 Ind. 134, 135; *Weaver* v. *Shipley et al.* (1891), 127 Ind. 526, 533, 27 N. E. 148; *Zimmerman* v. *Zehendner* (1905), 164 Ind. 466, 469, 73 N. E. 920; *Neal* v. *Baker* (1926), 198 Ind. 393, 403, 404, 153 N. E. 768; *Sheldmyer* v. *Bias* (1942), 112 Ind. App. 522, 529, 45 N. E. 2d 347; *Wertheimer* v. *Klinger Mills, Inc.* (1940), 216 Ind. 481, 485, 25 N. E. 2d 246.

Where a contract affected by the statute of frauds has been put in writing, and afterwards orally modified, such modified agreement is also within the statute. *Wellinger* v. *Crawford* (1911), 48 Ind. App. 173, 175, 89 N. E. 892, 93 N. E. 1051, *supra; Carpenter* v. *Galloway* (1881), 73 Ind. 418, 422; *Lowe* v. *Turpie et al.* (1896), 147 Ind. 652, 683, 689, 44 N. E. 25, 47 N. E. 150; *Bradley* v. *Harter*

(1901), 156 Ind. 499, 505, 60 N. E. 139; *Nagdeman* v. *Cawley* (1928), 89 Ind. App. 196, 202, 203, 162 N. E. 68; *Maglaris* v. *Claude Neon Federal Co., Inc.* (1935), 101 Ind. App. 156, 160, 198 N. E. 462; *Miller Jewelry Co.* v. *Dickson* (1942), 111 Ind. App. 676, 684, 42 N. E. 2d 398.

Appellant cites and discusses a number of cases within and without this jurisdiction, to the effect that a broker's contract for a commission for the sale of real estate may be enforceable even though it does not fix the price at which the real estate shall be sold. We agree with this proposition. However, it has no application to the alleged contract before us in this case. It is lawful and proper to fix in the contract the price at which the real estate shall be sold. When this is done, the broker has not performed his part of the contract until he has produced a buyer at or above the price fixed in the contract.

Since paragraph III of the amended complaint relies upon the alleged written contract as later modified orally, the agreement sued upon therein becomes and is an oral agreement that is specifically made invalid by the statute before quoted, § 33-104, Burns' 1949 Replacement. The demurrer was properly sustained to this paragraph of the amended complaint.

Finding no error in the record the opinion of the Appellate Court is vacated and the judgment of the trial court is affirmed.

Young, J., absent.

NOTE.—Reported in 91 N. E. 2d 643.