John WOODALL, Janet Woodall, Appellants (Plaintiffs Below),

v.

CITIZENS BANKING COMPANY, James Johnson, Johnson, Ritchart and Associates, Appellees (Defendants Below).

No. 80A04–8601–CV–18.

Court of Appeals of Indiana, Fourth District.

May 20, 1987.

James E. Freeman, Jr., Sansberry, Dickmann, Freeman & Builta, Anderson, for appellants.

Robert A. Smith, Jane E. Magnus, Indianapolis, C. Michael Cord, Kokomo, for appellees.

YOUNG, Judge.

In our original opinion, we held that Citizens Banking Company did not have a duty to protect John and Janet Woodall against mechanic's liens. In their brief, the Woodalls argued that the mortgage between themselves and Citizens had been modified by Citizens allegedly obtaining one lien waiver and periodically verifying payment with materialmen. We rejected this argument, however, on the basis that the mortgage was required to be in writing under the statute of frauds and hence any modification of it was required to be in writing. *Woodall v. Citizens Banking Company* (1986), Ind.App., 503 N.E.2d 427, 428 fn. 4

citing IND. CODE 32–2–1–1 and *Bradley v. Harter* (1901), 156 Ind. 499, 60 N.E. 139. The Woodalls now contend that mortgages are not required to be in writing under the statute of frauds and that even if such a requirement exists, the doctrine of promissory estoppel removes the requirement in their case.

██ The statute of frauds provides that any contract for the sale of land is required to be in writing. IND. CODE 32–2–1–1. Our supreme court has held that mortgages and agreements to execute mortgages are required to be in writing. *Wood v. Wood* (1890), 124 Ind. 545, 24 N.E. 751 (a mortgage is a lien by contract and hence must be manifested by a writing); *Irwin v. Hubbard* (1874), 49 Ind. 350 (agreement to modify a mortgage was essentially an agreement to execute a mortgage and therefore was required to be in writing by the statute of frauds). Hence, it is still our position that the Woodalls' mortgage was required to be in writing and therefore any modification of it was required to be in writing. *Bradley v. Harter* (1901), 156 Ind. 499, 60 N.E. 139.

██ Further, we find the doctrine of promissory estoppel inapplicable to this case.

Succintly stated, the doctrine applies where there is: (1) a promise, (2) which the promisor should reasonably expect to induce action or forebearance of a definite and substantial character, (3) which does, in fact, induce such action or forebearance, and (4) injustice can only be avoided by the enforcement of the promise.

*Tipton County Farm Bureau Co-Op v. Hoover* (1985), Ind.App. 475 N.E.2d 38, 41. The Woodalls suggest that Citizens' alleged assurances that construction bills were paid constitutes a promise. We disagree. "A promise is a voluntary commitment or undertaking by the party making it (the promisor) addressed to another party (the promisee) that the promisor will perform some action or refrain from some action in the future." J. Murray, *Murray on Contracts*, 2–3 (2nd Ed.1974). The al-

leged assurances by Citizens did not constitute a commitment to act in the future; they were merely statements of past or existing facts. Absent a promise, the doctrine of promissory estoppel is inapplicable.

 For clarification purposes, it must be noted that regardless of whether the mortgage was required to be in writing under the statute of frauds the Woodalls cannot recover under their theory that the mortgage was modified. The Woodalls rely upon *Prudential Ins. Co., Etc. v. Executive Estates* for the proposition that a mortgagee owes a duty to its mortgagor to protect against mechanic's liens. (1977), 174 Ind.App. 674, 369 N.E.2d 1117. Under *Prudential,* however, this duty must be based upon either an express agreement between the parties to that effect, custom and practice in the local community unless there is an express agreement to the contrary, or an agency relationship between the parties by virtue of the mortgagee controlling disbursement of the mortgage proceeds. *Id.* Thus, where the duty of protection against mechanic's liens arises by agreement, the agreement must be an express one. *Id.* at 1125. An express contract is one in which the terms are openly uttered or declared orally or in writing. Black's Law Dict. (5th Ed.1979) The Woodalls contend that certain acts committed by Citizens modified the contract. Hence, any modification was by implication rather than by expression. As the Woodalls have failed to allege that an express agreement existed, they cannot recover under *Prudential* even if the alleged modification was not required to be in writing by the statute of frauds or was removed from it by the doctrine of promissory estoppel. For the foregoing reasons, the petition for rehearing is denied.

CONOVER, P.J., and MILLER, J., concur.